## BRONSON v. J. L. HUDSON COMPANY.

### Decision of the Court.

1. SALES—COTTON SLIP—DIRECTED VERDICT—NEW TRIAL.
Administratrix of estate of deceased purchaser of white cotton
slip is accorded a new trial in action for damages allegedly
caused by chemical irritants upon reversal of directed verdict
for defendant at the close of plaintiff's proofs.

### Separate Opinion.

T. M. Kavanagh, C. J., and Souris, Smith,
and Adams, JJ.

2. TRIAL—PRIMA FACIE CASE—EVIDENCE.
*The testimony and all legitimate inferences that may be drawn
therefrom must be viewed in the light most favorable to
plaintiff in determining whether he has established a prima
facie case when weighed against defendant's motion for a per-
emptory verdict in his favor at the close of plaintiff's proofs.*

3. SALES—COTTON SLIP—DERMATITIS—PRIMA FACIE CASE.
*Plaintiff purchaser of white cotton slip made out a prima facie
case of liability on part of defendant retailer, where she ad-
duced proof that the new slip, unchanged from time of pur-
chase, was immediately worn close to the body with a nearly
immediate skin reaction, other clothes were ones usually worn,
diet and habits on the day in question were usual and ordinary,
testimony of a doctor that cotton garments of this type con-
taining irritants could cause severe dermatitis, and there was
no previous history of rash, dermatitis, or allergy, there being
a permissible legitimate inference that the slip contained an
irritant which caused plaintiff's dermatitis.*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 955.
[2] 53 Am Jur, Trial §§ 340, 347 *et seq.*
[3, 5–7] 46 Am Jur, Sales §§ 799–826.
  Liability of manufacturer or seller for injury caused by clothing,
  shoes, combs, and similar products.  80 ALR2d 702.
[4] 20 Am Jur, Evidence § 185.

4. APPEAL AND ERROR — QUESTIONS REVIEWABLE — SPOLIATION OF
EVIDENCE.

*Issue of spoliation of evidence in products liability case is not
discussed, where case is remanded for trial for error in direct-
ing verdict for defendant at close of plaintiff's proofs, the
trial judge's ruling on such issue not being in error under the
facts so far adduced.*

DISSENTING OPINION.

DETHMERS, KELLY, and O'HARA, JJ.

5. SALES—COTTON SLIP—DERMATITIS—PROXIMATE CAUSE—SPOLIA-
TION OF EVIDENCE.

*Record in action for injuries alleged to have been received by
plaintiff from wearing a recently purchased white cotton slip
from defendant held, to justify direction of verdict for de-
fendant at close of plaintiff's proofs by support of his finding
that there was no competent evidence from which a jury could
properly find, or reasonably infer, that the slip in question
was the cause of the skin irritation or dermatitis complained
of and there was no evidence of spoliation or destruction of the
evidence by defendant or its agents.*

6. SAME—COTTON SLIP—PRIMA FACIE CASE—EVIDENCE.

*A prima facie case of liability for injuries alleged to have been
caused by slip defendant sold plaintiff was not made out by
reason of allegations and proofs showing the wearing of the
slip, immediate subsequent attack of dermatitis, and no atypical
user conduct-pattern as to diet or other clothes worn that day,
in the absence of some direct proof of what the ingredients
and chemicals were that were inherently dangerous and harmful
to plaintiff's health.*

7. SAME—PRIMA FACIE CASE—USE—INJURY.

*Use of a product sold plaintiff plus injury fails to equal a prima
facie case of liability of defendant seller.*

Appeal from Wayne; Sullivan (Joseph A.), J.
Submitted January 5, 1965. (Calendar Nos. 6 and
7, Docket Nos. 50,630 and 50,631.) Decided June 7,
1965. Rehearing denied July 13, 1965.

Declaration by Sara Berke against J. L. Hudson
Company for alleged injuries sustained by the wear-

ing of defective clothing sold by defendant. Case continued by Dorothy Bronson, administratrix of the estate of Sara Berke, deceased. Derivative action by Joseph Berke, her husband, for medical expenses and loss of consortium. Cases consolidated for purposes of trial and appeal. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Meyer R. Rubin* (*Robert L. Templin,* of counsel), for plaintiffs.

*Alexander, Buchanan & Conklin* (*Floyd S. Westcott, Jr.,* of counsel), for defendant.

SMITH, J. These actions were brought originally by husband and wife against defendant retailer to recover for injury and damages allegedly caused by chemical irritants in a ladies undergarment, a cotton slip, purchased and worn by plaintiff-wife and charged to the account of her husband.[1] It is claimed that immediately upon wearing the garment, plaintiff-wife began to suffer severe dermatitis, with attendant pain, disfigurement, and emotional stress. The emotional stress is alleged to have triggered a heart attack. At the close of plaintiffs' proofs, defendant moved for a directed verdict which the trial court granted.

Plaintiffs' proofs showed that Mrs. Berke purchased the white cotton slip from defendant December 8, 1959. She wore it the next day, new and without prior washing. Other clothes worn at the time were said to be the same as were constantly worn. Breakfast consumed that morning was an "ordi-

[1] Sara Berke, plaintiff-wife, died September 3, 1962. December 4, 1962, Dorothy Bronson, administratrix of the estate of Sara Berke, was substituted as party-plaintiff. Trial was commenced on March 25, 1963.

nary" one consisting of orange juice, coffee and toast. Mrs. Berke made a visit to a friend's home that day and upon the return trip, riding on a bus, she felt something like pinpricks upon her back. She started to itch and by evening her skin had broken out into a rash and her eyes and tongue had swollen markedly. A doctor was summoned. He observed the itching, swelling, and also noted Mrs. Berke's complaint of chest pains. He diagnosed the ailment as severe dermatitis and prescribed treatment. Another doctor, an allergist, testified that the wearing of such a cotton garment containing an irritant "could cause a severe dermatitis condition." Mrs. Berke testified that she had never experienced such a rash before, nor had she ever been treated for any kind of an allergy. Her regular treating physician outlined her medical history from 1943, forward. No indication of rash, dermatitis, or allergy appeared in her history. Several weeks after the onset of illness, plaintiff-husband returned the slip to defendant and made a complaint giving details of the purchase and claimed injury.

Upon the record made, was defendant entitled to a directed verdict? In *Weisenberg* v. *Village of Beulah*, 352 Mich 172, 184, this Court said: "that the testimony and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff in determining whether he has established a prima facie case when weighed against defendant's motion for a peremptory verdict in his favor at the close of plaintiff's proofs."

In the instant case, there was no competent direct proof of what specific irritant, if any, was present in the slip cloth. Upon favorable view, did the facts, along with legitimate inferences to be drawn therefrom, constitute a prima facie case sufficient in law to prevail against defendant's motion for directed

verdict? More specifically, was there evidence from which it might be legitimately inferred that an irritant was present in the cloth at time of purchase, which irritant was a proximate cause of injury?

We are aware that in the typical products-liability case, plaintiff's counsel is usually able to produce some direct proof of defect and causal relationship between that proof and injury. Here, the trial court found no competent direct evidence and, without detailing what was presented, we agree. However, we are moved to disagree with the trial court's direction of verdict at the close of plaintiffs' proofs. We cannot say that reasonable minds could not differ as to what might be legitimately inferred therefrom, so that we find it error to have concluded, as a matter of law, that plaintiff did not establish a prima facie case. Our opinion is that under the circumstances, upon favorable view, a legitimate inference from plaintiffs' proofs was that an irritant was present in the cloth, which irritant caused Mrs. Berke's injury. In this regard, the case does not differ from some food poisoning cases: you eat and you get sick and what made you sick was something in the food. What the poison was may be impossible to identify. In this case, the favorable view of plaintiffs' proofs is that the new, unwashed slip (that is unchanged from time of purchase) bought and immediately worn close to the body with a nearly immediate skin reaction contained an irritant which caused Mrs. Berke's dermatitis. Defense proofs may well explode the inference, but standing alone it is neither fanciful nor conjectural. Add to the hypothesis, of course, plaintiffs' other proofs: clothes worn that day (other than the slip) were ones usually worn; diet and habits on the day in question were usual and ordinary; no previous history of rash, dermatitis, or allergy. Upon such proofs, the rea-

sonable mind could legitimately infer that the one
new element in Mrs. Berke's life at that time, the
new slip, was directly linked with her injury. The
reasonable mind now demands explanation. This is
the task of defendant.

In view of the disposition above, we find it un-
necessary to discuss the issue of spoliation of evi-
dence. We add that under the facts so far adduced,
we would find no error in the judge's ruling.

Reversed and remanded. Costs to appellants.

T. M. KAVANAGH, C. J., and SOURIS and ADAMS, JJ.,
concurred with SMITH, J.

BLACK, J., concurred in result.

O'HARA, J. (*dissenting*). My Brother's opinion
does not treat, as did the trial court's, the question
vigorously argued below, namely, spoliation and de-
struction of evidence by the defendant, namely, the
offending slip. This issue cannot be separated from
the trial judge's reasoning in arriving at a directed
verdict. I quote from his opinion:

"In my judgment, there is no competent evidence
from which a jury could properly find, or reasonably
infer that the slip in question was the cause of the
skin irritation or dermatitis condition complained of.

"There is no competent evidence in the record
from which the jury could find that the evidence in
question, namely the slip, was suppressed, spoliated
or destroyed by the defendant or its agents inten-
tionally or otherwise.

"Rather, the facts show, and they're uncontra-
dicted, that the slip was taken back to the defendant
and a receipt obtained, that no specific instructions
were given by the plaintiff regarding the handling
of the slip, that a portion of the slip was sent back

to the manufacturer by the defendant's insurer for examination and presumably for analysis, that thereafter a demand was made for the return of the slip by plaintiff's counsel sometime in March of 1960, the 17th. * * *

*"There is nothing in the record to suggest that thereafter, from then up until the time of trial, that plaintiff made any contention that he could not conduct any tests of any kind without the remainder of the slip.* * * *

"So, it seems to me that in view of plaintiff's position and in view of the [plaintiff's] refusal of any continuance for the purpose of testing the material in question, it serves no useful purpose to point out that perhaps the defendant, or the defendant's agents, or the defendant's manufacturers should have produced this slip earlier. * * * He could have taken it and had it analyzed if he wished, but he contended it would serve no purpose whatsoever, and chose to rely on a presumption which he said he was entitled to by virtue of *Clark* v. *Tulare Lake Dredging Co.,* 14 Cal App 414 (112 P 564). * * *

"The only thing that plaintiff's witness said was that he would prefer to have the entire garment in the event there was some irritant in a localized area of the garment which he could only find by testing the entire garment, *but he did concede other tests could be conducted.* * * *

"In any event, instead of proceeding or producing any proofs supporting the claims in the declaration, which incidentally was filed May 25, 1960, which is certainly a long time before the supplement to the pretrial statement dictated March 20, 1963. *Plaintiff drew a declaration, made certain allegations of negligence and breach of warranty, and produced no proofs of any kind in support of those allegations. Nor are there any facts in evidence from which reasonable inferences supporting those allegations might be drawn."* (Emphasis supplied.)

Without any inference from the spoliation or destruction of evidence theory, there remain only these allegations and proofs in support thereof:

(1) Wearing the slip.

(2) Immediate subsequent attack of dermatitis.

(3) No atypical user conduct-pattern as to diet or other clothes worn that day.

This it seems to me is not under the present law of this State sufficient to make out a prima facie case under any view however favorable to plaintiff. To this point my Brother addresses himself briefly:

"We are aware that in the typical products-liability case, plaintiff's counsel is usually able to produce some direct proof of defect and causal relationship between that proof and injury."

I agree, but I am moved to disagree with Mr. Justice SMITH when he says:

"Here, the trial court found no competent direct evidence and, without detailing what was presented, we agree. However, we are moved to disagree with the trial court's direction of verdict at the close of plaintiffs' proofs. We cannot say that reasonable minds could not differ as to what might be legitimately inferred therefrom, so that we find it error to have concluded, as a matter of law, that plaintiff did not establish a prima facie case."

It is my point that before the "reasonable men's-minds-can-differ" test can be applied, there must be minimal proof in the record from which a permissible inference *either* way could be made. To be specific when the declaration (now complaint) alleges:

"That in truth and in fact the slip, the fabric, ingredients and chemicals therein were inherently dangerous and harmful to plaintiff's health,"

plaintiff is required, under favorable view, to adduce some proof of what those "ingredients and chemicals" were, and that in the view of someone competent to testify to it that they were "inherently dangerous and harmful to plaintiff's health."

If we are prepared to say now "use plus injury equals a prima facie case of liability," we had best say so clearly in order that bench, bar, and public is so advised. I am not so prepared.

I would affirm the trial judge, with costs to appellee.

DETHMERS and KELLY, JJ., concurred with O'HARA. J.