ANDERSON *v.* SANDERS

1. Judgment—Accelerated Judgment—Permissible Inquiry on Hearing.

Where facts are not in dispute or are beyond dispute, availability of defenses based on such facts is a question of law, which may be determined on hearing pursuant to motion for accelerated judgment, but where a dispute exists on which reasonable minds might differ as to the existence of the legal defense in the particular setting, factual questions are raised which may not be determined on such a hearing (GCR 1963, 116).

2. Same—Accelerated Judgment—Money Lent—Tender—Question of Fact.

Accelerated judgment for defendants in action for recovery of money lent *held*, improper where conflicting allegations by plaintiff and defendants with respect to whether an attempted assignment of land contracts by defendants to plaintiff was in fact made or properly tendered or accepted in payment presented question of fact which could not be resolved at a hearing on motion for accelerated judgment (GCR 1963, 116.3).

Appeal from Wayne, Kaufman (Charles), J. Submitted Division 1 April 4, 1968, at Detroit.

References for Points in Headnotes
[1, 2] 41 Am Jur, Pleading §§ 335–343.

(Docket No. 4,501.)   Decided October 24, 1968.   Rehearing  denied  December  9,  1968.

Complaint by Edward J. Anderson against Jules Sanders and Sanders Realty Company for repayment of money loaned to defendants.   Accelerated judgment for defendants.   Plaintiff appeals.   Reversed.

*Norman Davis* (*Samuel H. Rubin,* of counsel), for plaintiff.

*Sugar, Schwartz & Silver,* for defendants.

J. H. GILLIS, P. J.   This appeal tests the propriety of an accelerated judgment (GCR 1963, 116.1) entered against plaintiff in favor of defendant Sanders Land  Company on October 13, 1967.   The complaint filed in the trial court asserted 5 counts for relief, all based upon money allegedly loaned by plaintiff to defendants for land investments.   Defendant Sanders Lake Company alleged it gave plaintiff its promissory note indicating receipt of $10,000  and  payments  to  be  made  as  follows: $5,000 on April 25, 1967; $5,000 on November 25, 1968; and $5,000 on November 25th for each of the next 5 years (for a total of $35,000).   The promissory note was a standard form, payable to "order of Dr. Edward Anderson, or bearer" and contains the terms of payment within the body.

Defendants denied the substantive allegations of fraud, misrepresentation, conversion, and breach of contract.   By way of affirmative defense, defendants maintained that on or before April 25, 1967 (the due date of the first payment) they did convey to plaintiff the vendee's interest in 2 land contracts which amounted to $5,011.11, $11.11 in excess of

the payment then due, and that by reason thereof there was no present controversy as there was no default. Moreover, the defendants assert that the assignment constituted an accord and satisfaction of any amounts then due. It was urged, in addition, that by accepting the assignment of the land contracts, and by receiving the benefits thereunder, plaintiff is estopped to now raise the challenges.

Motion for accelerated judgment was made and based on the affirmative defenses indicated. Oral testimony was taken in a hearing on the motion (GCR 1963, 116.3) and at the conclusion, accelerated judgment was granted.

Plaintiff's argument in opposition to the motion was that the purported assignment of the land contracts was not made until after suit had been instituted and then such assignment was rejected by plaintiff as defective. The benefits which defendants claim plaintiff has retained were merely, according to plaintiff, 2 checks in the amount of $235 which were mailed to plaintiff prior to the purported assignment and which were never accepted as payments on the assigned contracts. It was claimed, moreover, that defendants' motion was not properly brought because of failure to attach an affidavit of one who would be competent if called as a witness as to the subject matter (GCR 1963, 116.4). We do not reach this latter point.

Permissible inquiry on a hearing pursuant to a motion for accelerated judgment does not include reconciling disputed fact questions where credibility is in issue, nor does it include fact finding except where the facts are such that no reasonable minds might disagree (*Hodgson* v. *William Beaumont Hospital* [1964], 373 Mich 184).

There is inevitably a certain quantum of confusion generated by cases interpreting our motion

practice under GCR 1963, 116 and 117. Let our precise ruling here be clear: Whether the defenses of accord and satisfaction and estoppel are properly assertable as legal defenses is a question for the trial judge. Whether such defenses are shown to exist in the particular case is a question of law where the facts are not in dispute or are beyond dispute. The defenses raise factual questions where a dispute exists on which reasonable minds might disagree as to the existence of the legal defenses in the particular factual setting. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 325, author's comments to GCR 1963, 116. See also the revised author's comments to GCR 1963, 117 at 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1967 pocket part, 47.

The question of whether an assignment was in fact made, properly tendered, or accepted were disputed fact questions which could not be resolved at a motion hearing.

Reversed. Costs to appellant.

FITZGERALD and McGREGOR, JJ., concurred.