BOWIE *v.* OLYMPIC INSURANCE COMPANY

Insurance—Policy Renewal—Payment to Agent—Retention of Premium—Fraudulent Misrepresentation.

> The unexplained retention of insured's money paid to defendant insurance company's agent as the premium for renewal of an automobile insurance policy, together with evidence that the insured was notified by the agent that his policy would expire on a certain date and asked by the agent to remit the premium money to renew the policy, and evidence that his check was deposited in the agency's account *held,* to make a *prima facie* case sufficient to resist a motion for directed verdict at the conclusion of plaintiff's proofs.

Appeal from Common Pleas Court of Detroit, Pernick (Joseph J.), J. Submitted Division 1 March 6, 1968, at Detroit. (Docket No. 3,809.) Decided December 23, 1968. Rehearing denied January 29, 1969.

Reference for Points in Headnote
53 Am Jur, Trial § 332 *et seq.*

Complaint by Umstead Bowie against Olympic Insurance Company, a foreign corporation, and Jack Bohn for collision damages under a policy of automobile insurance. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Noel A. Gage,* for plaintiff.

*Leonard B. Schwartz,* for defendants.

LEVIN, J. At the conclusion of plaintiff's proofs the court directed a verdict for the defendants on the ground that plaintiff's proofs were insufficient to establish that the defendants had made a fraudulent misrepresentation to the damage of the plaintiff.

Taking the view of the evidence most favorable to the plaintiff, as we must, it appears that the defendant, Bohn, an insurance agent representing Olympic, notified the plaintiff that Olympic's policy, which was amended to cover plaintiff's 1966 Cadillac, would expire on March 11, 1966, and asked the plaintiff to remit $111 to renew the policy. Bohn received plaintiff's check on March 11, 1966, the date on which, according to Bohn's testimony, the renewal was to take effect. The check was deposited to Bohn's agency account.

Plaintiff's automobile was damaged April 1, 1966, in a collision with another automobile. The insurance policy, which expired March 11, 1966, provided collision coverage. When on April 2, 1966, a claim for plaintiff's damages was filed with Bohn, Bohn said that the damaged automobile was not insured. He then offered to return to plaintiff the sum of $111.

In announcing that he would direct a verdict for the defendant, the trial judge stated that there was no

testimony before the court whether the plaintiff was "given" or denied a new policy. However, there was testimony from witnesses for the plaintiff that Bohn told such witnesses shortly after the accident that plaintiff's automobile was not covered by insurance.

In our opinion there was sufficient evidence on the issue of fraudulent misrepresentation to withstand a motion for directed verdict at the conclusion of plaintiff's proofs. The record would support a jury finding that the evidence showed more than a mere breach of promise. The unexplained retention of plaintiff's money under the circumstances of this case made a *prima facie* case sufficient to resist a motion for directed verdict at the conclusion of plaintiff's proofs. See *Cook* v. *Metropolitan Life Ins. Co.* (1938), 186 SC 77, 82, 84 (194 SE 636, 638, 639); *Philadelphia Storage Battery Co.* v. *Kelley-How-Thomson Co.* (CA 8, 1933), 64 F2d 834, 838; *Bronson* v. *J. L. Hudson Company* (1965), 376 Mich 98, 101–103.

Although plaintiff's damage proofs were inadequate, the trial judge did not direct a verdict on that account. We are persuaded that, had the judge concluded that plaintiff's liability proofs were sufficient to entitle him to go to the jury, he might very well have granted plaintiff's motion for a continuance to allow sufficient time to bring in another witness on the damage issue.

Reversed and remanded for a new trial. Costs to appellant.

LESINSKI, C. J., and ANDREWS, J., concurred.