SZLINIS v MOULDED FIBERGLASS COMPANIES, INC.

KING v MOULDED FIBERGLASS COMPANIES, INC.

1. JUDGMENT—ACCELERATED JUDGMENT—FACT FINDING—PERMISSIBLE INQUIRY.

Fact finding, except where the facts are such that no reasonable minds might disagree, is not included in the permissible inquiry of a trial court pursuant to a motion for accelerated judgment.

2. EVIDENCE—DIRECT PROOF—QUESTION OF FACT.

A question of fact for a jury as to whether the place of drowning was in the American or Canadian waters of Lake Erie was created in an action for wrongful death by drowning where there was no direct proof of where the drownings occurred but the plaintiff offered the affidavits of two experts in marine engineering and oceanography and a weather report, and the experts' opinion was that the boat could have capsized in American waters and the drownings may have occurred in the American side of Lake Erie.

3. LIMITATION OF ACTIONS—STATUTES—DEFENSES—BURDEN OF PROOF.

The pleading of the statute of limitations by a defendant is an affirmative defense and the burden of proving it is upon the defendant, who asserted the affirmative of the issue, and the defendant is required to prove the facts essential to effectuate the bar.

4. LIMITATION OF ACTIONS—STATUTES—DEFENSES—BURDEN OF PROOF.

The defendants asserted an affirmative defense by pleading the Ontario statute of limitations and had the burden to convince the jury that the plaintiffs' claims were barred by its application where the plaintiffs' pleadings and proofs failed to show

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 73 Am Jur 2d, Summary Judgment § 26.

[2] 30 Am Jur 2d, Evidence §§ 1091, 1125.

[3, 4] 51 Am Jur 2d, Limitation of Actions §§ 484, 485.

Burden of allegation and proof in civil cases as regards exception in statute, 130 ALR 440.

that the decedents had drowned in American waters but indicated that a question of fact was present on the issue of the exact place of the drownings.

5. JUDGMENT—ACCELERATED JUDGMENT—QUESTION OF FACT—SUPPORTING EVIDENCE.

An accelerated judgment dismissing a claim based on a finding by the court that the cause of action had accrued in Ontario and was barred by Ontario's one-year statute of limitations in wrongful death actions was error where a jury had been demanded and there was a disputed question of fact for the jury to decide as to whether the decedents met their deaths in Canadian or American waters.

Appeals from Wayne, Charles S. Farmer and James L. Ryan, JJ. Submitted Division 2 December 12, 1973, at Lansing. (Docket Nos. 15136, 15785.) Decided March 4, 1974.

Complaint by William J. Szlinis, executor of the estates of Gilbert A. Cross and Mary A. Cross, against Moulded Fiberglass Companies, Inc., Gibbs Boat Co., Frances King, administratrix of the estate of Norman T. Lentz, and North American Rockwell Corporation, for damages resulting from wrongful death by drowning. Accelerated judgment for defendants. Plaintiff appeals. (Docket No. 15136.)

Complaint by Frances King, administratrix of the estates of Norman T. Lentz and Beverly J. Lentz against Moulded Fiberglass Companies, Inc., and Gibbs Boat Company, for damages resulting from wrongful death by drowning. Accelerated judgment for defendants. Plaintiff appeals. (Docket No. 15785.)

Cases consolidated on appeal. Reversed.

*John R. Wilder,* for plaintiff William Szlinis.

*Davies, Rudzki & Zeder* (by *Clair R. Carney*), for plaintiff Frances King, administratrix, in Docket No. 15785.

*Foster, Meadows & Ballard* (by *Raymond A. Ballard*), for defendant Frances King, administratrix, in Docket No. 15136.

*Harvey, Kruse & Westen, P. C.* (by *Raymond A. Ballard*), for defendant Moulded Fiberglass Companies, Inc.

*William J. Braunlich,* for defendant Gibbs Boat Company.

Before: Gillis, P. J., and R. B. Burns and R. H. Campbell,* JJ.

R. H. Campbell, J. In an opinion dated July 17, 1972, the trial judge granted defendants' motion for accelerated judgment in the *Szlinis* case. GCR 1963, 116.1(5). The trial judge found that plaintiff's cause of action had accrued in Canada, felt that plaintiff's affidavits had failed to establish the existence of a material question of fact regarding the place of the drowning and applied the Ontario one-year statute of limitations to bar plaintiff's claim. On September 26, 1972, the trial judge gave plaintiff in the *King* case 90 days to present evidence to show that the drowning occurred in American waters. The trial judge stated that if plaintiff presented no evidence, defendants' motion for accelerated judgment would be granted. Plaintiff responded with the same affidavits and documents which had been filed in the *Szlinis* case but on November 9, 1972, the trial judge granted defendants' motion for accelerated judgment and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

held that plaintiff's cause of action was barred by the one-year Ontario statute of limitations.

The issue is whether or not the trial court in each of the above cases erred in holding that plaintiffs' cause of action accrued in Ontario and was therefore barred by Ontario's one-year statute of limitations applicable to wrongful death actions. To resolve this question we must determine whether or not a question of fact was presented below, whether a judge or jury had to decide that question, and who had the burden to prove that plaintiffs' claims were or were not barred by the Ontario statute of limitations.

In the *Szlinis* case plaintiff pled that his decedents were passengers on a sailboat which was underway in Lake Erie off of Rondeau Park, Ontario, Canada. The boat capsized in Lake Erie. In plaintiff's first complaint there was no specific allegation of where the deaths occurred. Plaintiff filed a demand for a jury trial.

Plaintiff filed a first and second amended complaint alleging that plaintiff's decedents were the passengers in a boat in Lake Erie and that the decedents drowned in Lake Erie without any specific allegation made as to whether the drowning occurred in American or Canadian waters.

The plaintiff in the *King* case also complained that her decedents were passengers on a sailboat which sank in Lake Erie and further alleged that the drowning occurred in Lake Erie. The defendants in the *King* case alleged that the accident occurred in Canada and plaintiff's decedents drowned in Canadian water. Defendants demanded a jury trial.

The plaintiff in the *King* case filed an amended complaint and once again alleged that her decedents drowned in Lake Erie and further alleged

that the boat "capsized either in Canadian waters or American or International waters causing the plaintiff's decedents to drown".

In *Szlinis* defendants moved for an accelerated judgment arguing that plaintiff's claim was barred by the Ontario statute of limitations. GCR 1963, 116.1(5). In response to defendants' request for admissions plaintiff replied that the exact place of drowning was unknown to plaintiff.

In answer to defendants' motion plaintiff relied upon a weather report from the Canadian Department of Transportation which indicated the weather and wind conditions on the night in question. Plaintiff also attached an affidavit of a marine surveyor who stated the recovery of the boat in Canadian waters did not establish that the drowning occurred in Canada. The marine surveyor also stated in his affidavit that based upon the weather reports submitted, the boat could have capsized in the American waters. Plaintiff also attached an affidavit of an oceanographer who noted that buoys placed in American waters are carried by currents in Lake Erie to the Canadian side of the lake. He further stated that since the bodies were not discovered until 17 to 43 days after the parties set sail, it was his opinion that the drowning may have occurred in the American side of the lake. Although this witness could not say exactly where the place of the drownings was, he did state there was insufficient evidence to conclude that plaintiff's decedents had died in Canadian waters. In both cases defendants failed to offer any evidence as to the place of drowning.

According to *Anderson v Sanders,* 14 Mich App 58, 60; 165 NW2d 290, 292 (1968), the "permissible inquiry" of a trial court pursuant to a motion for accelerated judgment does not "include fact find-

ing except where the facts are such that no reasonable minds might disagree (omitted citation)".

In the case of *Bronson v J L Hudson Co,* 376 Mich 98, 101–102; 135 NW2d 388, 389–390 (1965), it was held that a directed verdict should not have been granted where there was some evidence from which the jury could have inferred that some irritating factor was present in an article of clothing and that irritant was the proximate cause of plaintiff's injury. In *Bronson* testimony was presented to show that plaintiff was in perfectly good health before she purchased a slip from defendant. However, after wearing the slip she began to itch, her skin broke out into a rash and her eyes and tongue became swollen. While a doctor testified that the wearing of the slip "containing an irritant 'could cause a severe dermatitis condition' " plaintiff's proofs did not contain any direct evidence regarding the nature of the irritant or that it had in fact caused the injury. Basically, the Court said that the proof indicating that plaintiff was in good health before she wore the slip and had suffered the rash and dermatitis after she had worn the slip could lead a reasonable mind to "legitimately infer" that the new slip was linked to her injuries. Thus, *Bronson* held that the trial court erred in granting defendant's motion for a directed verdict.

In the instant case there was no direct proof of where the drowning occurred. However, plaintiff did offer the affidavits of two experts in the field of marine engineering and oceanography. A weather report was also attached. It was the experts' opinion that the boat could have capsized in American waters and that the drowning may have occurred in the American side of Lake Erie. This created a question of fact for the determination of a jury.

The Court notes that the defendants pleaded the

Ontario statute of limitations as an affirmative defense. According to *Bratton v Trojan Boat Co*, 19 Mich App 236, 244; 172 NW2d 457, 460–461 (1969), aff'd 385 Mich 585; 189 NW2d 206 (1971):

"The pleading of the statute of limitations by the defendant was an affirmative defense and the burden of proving it was upon the defendant for it asserted the affirmative of the issue. Defendant was required to prove the facts essential to effectuate the bar."

Defendants failed to prove any facts essential to effectuate the application of the statute of limitations in the instant case.

In *Tumey v City of Detroit*, 316 Mich 400, 410–411; 25 NW2d 571, 575–576 (1947), a situation was involved in which defendant had pled the statute of limitations. *Tumey* noted that plaintiffs' pleadings and proofs had failed to indicate whether the time period contained in the statute had elapsed before plaintiffs instituted their suits. Quoting from 3 Callaghan's Michigan Pleading and Practice (2d ed), § 36.125, pp 545–546, *Tumey* noted that defendant had the burden to prove facts to show that the case came within the provisions of the statute of limitations, and said:

"Under the proof the issue was one of fact for the determination of the jury. (omitted citation)."

In the instant case plaintiffs' pleadings and proofs failed to show that plaintiffs' decedents had drowned in American waters. However, the items presented to the trial court indicated that a question of fact was present on this issue and according to *Tumey* defendants had the burden to convince the jury that plaintiffs' claims were barred by the statute of limitations.

In *Davidson v Baker-Vander Veen Construction Co,* 35 Mich App 293; 192 NW2d 312 (1971), *lv den* 386 Mich 756 (1971), the Court held that the question of whether or not plaintiff was insane and therefore the statute of limitations had been tolled was a disputed question of fact and held that the trial court had erred in deciding that question "on affidavit and other papers without a trial". *Davidson* noted that plaintiff had demanded a jury trial. In *Davidson* the defendants who had made the motion for accelerated judgment had failed to support their motion by submitting affidavits or other evidence to contradict the affidavits filed by plaintiff. Defendants in the instant case also failed to file any affidavits or other evidence to support their motions for accelerated judgment. The trial court in *Davidson* concluded that plaintiff's affidavits were "conclusory and otherwise insufficient". This was the same conclusion reached by the trial judge in *Szlinis.*

*Davidson* said that under GCR 1963, 116.3, the trial court must inquire as to whether or not "there is a disputed issue of fact". Since the question of where death occurred was the ultimate fact to be determined in the instant case and because the qualitative judgment regarding that question was in dispute, *Davidson* would say that this "ultimate fact" was a "disputed question of fact".

It is the opinion of this court that the question of where plaintiffs' decedents met their untimely death was a question of fact to be submitted to the jury which had been demanded in both of the instant cases.

Reversed with costs to appellants.

All concurred.