HANSON v TELEDYNE INDUSTRIES, INC.

1. TRIAL—NEGLIGENCE—BREACH OF WARRANTY—DIRECTED VERDICT—
   DEFENSES OF LAW—DEFENSES OF FACT.

   A defendant in a trial for damages for negligence and breach of
   implied warranty in the sale of a new engine for an aircraft did
   not have controlling defenses of law, mandating or supporting a
   motion for directed verdict, and the motion was improperly
   granted, even though defendant may very well have possessed
   legitimate defenses of fact and even though, as the trial court
   held, there was no testimony that a piston had not been
   changed someplace subsequent to the time the new engine was
   put in the hull of the plane, and it was apparent there were
   certain other persons who had inspected and had control of the
   aircraft, and the aircraft had logged trouble-free operation after
   its last servicing and inspection before the so-called difficulty.

2. TRIAL—NEGLIGENCE—BREACH OF WARRANTY—EVIDENCE—TRIER OF
   FACT.

   It is for the trier of fact to accept or reject competent, admissible
   evidence not inherently incredible nor completely discredited
   on cross-examination where, in a trial for damages for negli-
   gence and breach of implied warranty in the sale of a new
   motor for an aircraft, such evidence creates a reasonable infer-
   ence of negligence or a breach of the implied warranty.

Appeal from Muskegon, James F. Schoener, J.
Submitted Division 3 September 10, 1974, at Lans-
ing. (Docket No. 18611.) Decided October 22, 1974.

Complaint by Lee F. Hanson and Avemco Insur-
ance Company against Teledyne Industries, Incor-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 389, 402.
   Absence of issue as to amount of recovery as distinguished from
      right to recover, as justifying direction of verdict as to amount, or
      return of verdict which does not assess amount. 105 ALR 1075.
[2] 53 Am Jur, Trial §§ 231, 232.

porated, for damages for breach of implied warranty and negligence. Directed verdict for defendant. Plaintiffs appeal. Reversed.

*Alexis J. Rogoski* and *John B. Olsen,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. This is *Piercefield v Remington Arms Co, Inc,* 375 Mich 85; 133 NW2d 129 (1965); and *Bronson v J. L. Hudson Co,* 376 Mich 98; 135 NW2d 388 (1965), revisited.[1]

Plaintiff is an airplane owner and a licensed pilot. He bought a new motor for his aircraft from defendant.

It malfunctioned in flight, crashed and was a total loss. The owner-pilot survived.

The plane was insured for $13,000 by plaintiff-insurer with a $300 deductible clause. The insurer sued for the loss it paid. The owner originally only sued for his deductible amount and unspecified consequential damages.

After the crash one Maurice McCubbin, a licensed aircraft engineer and an agent for the insurer, examined the wreckage. In a deposition, read to the jury without objection to so doing, he concluded that the crash was caused in his opinion by "a faulty piston which disintegrated and oil starved the whole motor". He further concluded in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The authoring judge on this panel has good reason to realize that the majority holding in those cases is the settled law of this State.

his deposition—and thus for our decisional purposes testified—that the failure could have been due to the failure of the piston skirt, the piston pin, or that the exhaust valve could have caused or contributed to the failure.

It is undisputed that the engine had been operated for 179.8 flying hours since installation and 21.6 flying hours since its last inspection. The record neither contains evidence of nor suggests abuse of the plane, stunting nor any weather conditions which were causally connected with the crash.

It is further of record that the piston which failed was not the one designed for that particular block.

Defendant moved for a directed verdict. The trial court granted it.

In granting the motion the trial court held in part:

"There is no testimony that a piston had not been changed someplace subsequent to the time the new engine was put in the hull of this plane. Now, it is apparent there were certain other persons who had inspected and had control of this particular aircraft— the last inspection having been made with an oil change some 21 hours, 21.6 hours before the problem arose. The aircraft had flown 179.8 tachometer hours before the so-called difficulty, or this engine stopped turning."

These may very well have been legitimate defenses of fact. They are not controlling defenses of law, mandating or supporting a directed verdict for defendant.

Where competent, admissible evidence not inherently incredible nor completely discredited on cross-examination creates a reasonable inference of negligence or breach of implied warranty, it is

for the trier of the facts to accept or reject it. *Jordan v Whiting Corp (On rehearing)*, 49 Mich App 481; 212 NW2d 324 (1973), *lv granted* 391 Mich 771 (1974). The motion was improperly granted. The order granting it is vacated and the cause remanded for a new trial.

Other questions are raised on appeal. They are likely to arise again if the case is retried. Upon the truncated record and for lack of specificity we cannot decide them. We mention them so that the parties may well be aware that we considered them. They are *inter alia* the amendments to the complaint asserting damages other than the $300 deductible figure; the viability of a claim for loss of profits under an alleged contract involving the use of the plane; possible mitigation of damages; the possible involvement of the statute of frauds, the statute of limitations and procedural rulings on claimed violation of court rules relating to amendments and failure to comply with the rules relating to interrogatories.

These we leave to reconsideration of the learned trial judge in the event of a new trial.

For the reasons herein specified we reverse and remand with the grant of a new trial.

Costs to the plaintiffs.

All concurred.