NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0187n.06
No. 19-2453

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARYLYNN GENAW, | ) | **FILED** |
| | ) | Apr 13, 2021 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GARAGE EQUIPMENT SUPPLY CO., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:     BATCHELDER, MOORE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  In this product liability dispute, Marylynn Genaw alleges a vehicle lift manufactured by Garage Equipment Supply was defective, and that the defect caused her husband's death.  Genaw's complaint asserts that the lift suddenly and unforeseeably slid across the floor when a vehicle was driven onto it, causing the lift to strike her husband in the head and back with lethal force.  The district court granted judgment on the pleadings in favor of Garage Equipment and dismissed the complaint.  Because Genaw sufficiently alleged that the lift was defective under Michigan law, her complaint stated a plausible claim to relief on all counts, and dismissal was improper.

The facts giving rise to Marylynn Genaw's ("Genaw") claims are uncontroverted.  Harold Genaw, the decedent and Marylynn's husband, purchased a "portable light-duty four-post vehicle lift," which was designed, manufactured, and sold by Garage Equipment Supply Company ("Garage Equipment").  On October 2, 2016, Harold and his son, Justin Genaw, attempted to drive

a vehicle onto the lift. Justin drove the vehicle and Harold stood next to the lift, directing his son. As Justin drove the vehicle onto the lift, the lift "violently and without warning slid across the garage floor and struck Harold in the back and head causing him to fall to the cement floor, again striking his head." Harold "sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system, mental anguish, and eventual death."

Marylynn brought this diversity action on behalf of her husband's estate. Genaw alleged five causes of action in her complaint: (1) negligent production; (2) breach of implied warranty; (3) gross negligence/actual knowledge, (4) breach of express warranty; and (5) failure to warn. The negligent production claim alleged both negligent design and negligent manufacture.[1]

The district court granted Garage Equipment's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), holding that Genaw failed to allege sufficient factual matter to plausibly state a claim to relief on all five counts in the complaint. On Genaw's first count for negligent production, the court concluded that Genaw failed to adequately plead facts tending to show that the product was defective or that the defect proximately caused the plaintiff's injury. Genaw alleged that the lift slid across the floor but gave no explanation for what caused the sliding. The court reasoned that Genaw's allegations were merely legal conclusions because she alleged the existence of a defect but did not describe how the lift was defective, even in general terms. The district court applied the same rationale to counts two through four, because all three counts also relied on "similarly vague and conclusory allegations of defects." On the fifth count alleging failure to warn, the district court concluded that Genaw failed to allege facts showing that Garage Equipment had knowledge of the alleged danger and that it did not exercise reasonable care to

---

[1] The complaint alleged that "[d]efendants negligently designed, tested, approved, manufactured, and 'produced' the subject vehicle lift in that it failed to exercise reasonable care to prevent the subject vehicle lift from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner . . . ."

inform its customers of the alleged danger. The court further held that the cause of action failed because Genaw did not "offer any facts related to what warnings were given, what warnings should have been given, or why any of the suggested warnings would have been effective." This appeal followed.

Genaw pled sufficient facts in her complaint to state a plausible claim to relief on all five counts, because she adequately alleged that the vehicle lift was defective under Michigan law. The allegations that Harold suffered a fatal injury while using the lift permit the reasonable inference that the lift was defective. The complaint plausibly asserts that a properly designed and manufactured lift would not have caused such severe injuries to an ordinary user. Furthermore, the complaint alleged sufficient facts to show that the lift was defective under Michigan law because the lift demonstrably malfunctioned during normal use.

The well-pleaded facts in the complaint show that the lift's propensity to slide when a vehicle is driven onto it is an unforeseen malfunction that implies the existence of a defect. Here, the lift demonstrably malfunctioned by unexpectedly sliding across the floor when used in its intended fashion. It strains credulity to believe that a lift weighing hundreds of pounds, designed to elevate heavy and expensive machinery, was intended to slide abruptly across the floor while in use. This is especially true for a lift designed for use in an enclosed area with limited space like a garage. The lift's propensity to slide in this manner is plainly a departure from the way the lift is supposed to function. Genaw was not required to refer explicitly to the sliding as a malfunction in the complaint, as the facts presented in the complaint clearly give rise to an implication that the lift malfunctioned. These allegations of the lift's malfunctioning are sufficient to show that the product was defective under Michigan law. Longstanding Michigan caselaw provides that, "[a] demonstrable malfunction is generally clear evidence of a defect[.]" *Snider v. Bob Thibodeau*

*Ford*, 42 Mich. App. 708, 713 (1972). A plaintiff does not need to prove a specific defect to state a valid product liability claim. *See Bronson v. J.L. Hudson Co.*, 376 Mich. 98, 100-03 (1965). The Michigan Supreme Court has held that a plaintiff can prevail at trial simply by presenting circumstantial evidence, so long as it "adequately supports a reasonable inference that the accident was probably caused by a defect attributable to the manufacturer." *Holloway v. Gen. Motors Corp., Chevrolet Div.*, 403 Mich. 614, 624 (1978). Critically, Garage Equipment concedes that a demonstrable malfunction establishes the existence of a defect. Thus, the facts in the complaint showing that the lift malfunctioned by tending to slide during ordinary use also sufficiently demonstrate that the lift was defective.

The alleged malfunction and the injury it caused therefore permit the reasonable inference that the lift at issue was defective as a result of negligence, as Genaw asserts in her first cause of action. The complaint also alleges that the product reached Genaw in the same condition that it left Garage Equipment, a point not contested by Garage Equipment. To state a valid claim for negligent production, the plaintiff must allege facts showing that (1) the product was defectively manufactured, (2) the product reached the plaintiff in the same condition that it was in when it left the manufacturer, and (3) the defect proximately caused the plaintiff's injury. *Prentis v. Yale Mfg.*, 365 N.W.2d 176, 187 (Mich. 1985). Where liability is predicated on a design defect claim, the plaintiff must allege facts showing that the manufacturer failed to design the product "so as to eliminate any unreasonable risk of foreseeable injury." *Id.* at 186. Based on the well-pleaded facts in the complaint showing that the lift malfunctioned, Genaw sufficiently alleged that the lift was defective and arrived in the same condition as it was when manufactured.

Furthermore, the complaint adequately alleges that the defect proximately caused Genaw's injury, because it is foreseeable that the lift's violent slide could injure a person standing nearby. Garage Equipment argues that Genaw's complaint failed to plead any facts establishing causation, because she did not allege any facts as to what caused the lift's sliding and did not expressly link the sliding to a defect. But as discussed above, under Michigan law the lift's propensity to slide itself is the defect, and Genaw was not required to allege what specifically caused the defect. *See Snider*, 42 Mich. App. at 713; *Holloway*, 403 Mich. at 627. The proximate cause element goes not to how the defect was caused, but to whether the defect caused the injury. Hence, the alleged defect—the propensity to slide in normal use—is obviously sufficiently pled to have foreseeably caused the injury to Genaw's decedent. Moreover, proximate cause does not necessarily require the absence of other causes. Based on the facts alleged in the complaint, Genaw sufficiently demonstrated that the defect proximately caused the alleged injury.

In order to survive a motion to dismiss, the complaint's allegations must "plausibly give rise to an entitlement to relief" by "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The fact that simply driving a vehicle onto the lift caused it to slide suddenly and with enough force to fatally wound a person standing nearby is enough to raise a reasonable inference that Garage Equipment manufactured a defective lift. The lift manufactured and sold by Garage Equipment contained a defect that should have been readily ascertained had Garage Equipment used adequate testing and quality control procedures. Thus, Genaw's complaint states a plausible claim to relief.

Because Genaw properly pled that the lift was defective, counts II-IV in the complaint are also valid. The district court dismissed all three counts for containing "vague and conclusory

allegations of defects." Because the lift's violent sliding qualifies as a defect under Michigan law, the later references to "defects" in counts II-IV are neither vague nor conclusory. Both parties also acknowledge that all three counts stand or fall based on the sufficiency of Genaw's pleadings with respect to count I. Thus, Genaw's complaint pled sufficient facts to state plausible claims to relief on counts II-IV.

Garage Equipment does not contest Genaw's argument that she is not required to prove a specific defect to prevail at the pleading stage. Instead, Garage Equipment attempts to distinguish the Michigan cases cited above to argue that they should not apply to save Genaw's complaint. Garage Equipment first contends that all three cases were decided on motions for directed verdict during trial, not motions for judgment on the pleadings under Rule 12(c). This fact is immaterial, because the standard for prevailing at trial directly impacts the level of detail required in the complaint. The cases show that for a product liability case to reach the jury in Michigan, the plaintiff need only show that the product demonstrably malfunctioned based on either direct or circumstantial evidence. *Snider*, 42 Mich. App. at 713. If showing the existence of a malfunction is enough to survive directed verdict, then it is surely adequate for the plaintiff to make it past the pleading stage. To survive Garage Equipment's Rule 12(c) motion, Genaw was only required to plead "sufficient factual matter" to render it "plausible" that the product was defective. *Iqbal*, 556 U.S. at 677. Genaw did that here by presenting facts showing that the lift abruptly slid during ordinary use. Additionally, there is merit to Genaw's argument that the reason why these cases were decided on directed verdict and not at the pleading stage is because Michigan courts simply do not dismiss product liability complaints for failure to allege how the product was defective, because doing so would be inconsistent with Michigan product liability law.

Garage Equipment also attempts to distinguish the Michigan line of cases by arguing that in those cases the plaintiffs did allege specific defects. However, those plaintiffs had the benefit of conducting full discovery before presenting their claims to the jury, giving them an opportunity to refine their arguments and pick the theories of liability that a jury would find the most persuasive. Here, discovery was only in its early stages and plagued with delays. Given an opportunity to consult experts and conduct full discovery, Genaw presumably could have presented specific explanations for how and why the lift was defective. To survive the pleading stage, however, it was sufficient to show that the lift malfunctioned by violently sliding across the floor.

Genaw's complaint also alleged sufficient facts on its face to state a plausible claim to relief for failure to warn. Genaw's complaint properly alleged that Garage Equipment should have known of the lift's dangerous condition and that the injury occurred because Garage Equipment failed to include proper warnings with the lift. To establish a claim for failure-to-warn, a plaintiff must show that the defendant: "(1) had actual or constructive knowledge of the alleged danger, (2) had no reason to believe that consumers would know of this danger, and (3) failed to exercise reasonable care to inform consumers of the danger." *Hollister v. Dayton Hudson Corp.*, 201 F.3d 731, 741 (6th Cir. 2000) (citing *Glittenberg v. Doughboy Recreational Indus.*, 441 Mich. 379, 389-90 (1992)). Count V incorporates the allegations set forth in count I, where Genaw asserted that Garage Equipment would have been alerted to the defects in the lift had it non-negligently conducted adequate testing and used adequate quality control procedures. Accordingly, the complaint alleged that Garage Equipment had constructive knowledge of the alleged danger, because it should have known of the defect and its associated safety risk.[2] The facts sufficiently

---

[2] Our recent decision in *Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021), does not affect this analysis. In *Smith*, to state a plausible claim for fraudulent concealment, the plaintiffs were required to show that the defendant

indicate that Garage Equipment had no reason to believe that the consumers would know of the danger, as a consumer would likely expect a lift to remain stationary while elevating vehicles. In any event, Garage Equipment does not contest this element of the claim. Finally, the fact that Harold was standing near the lift, apparently ignorant of the potential risk to his safety, shows that he was not properly informed of the danger. Garage Equipment knew or should have known that other persons could be standing nearby while the lift was in use, either assisting with operation of the lift as Harold was or working on another vehicle in the garage. The fact that this basic use of the lift caused such a violent result makes it plausible that Garage Equipment did not exercise reasonable care to inform the Genaws of the danger and provide instructions for "safe use of the product" as Genaw alleges in the complaint. Thus, Genaw pled sufficient facts on the face of her complaint to state a plausible claim to relief on the final count for failure to warn.

The district court held, and Garage Equipment argues on appeal, that Genaw's complaint failed because she did not properly plead what warnings Garage Equipment was required to provide. The district court dismissed the count because "Genaw's three-sentence failure-to-warn count does not offer any facts related to what warnings were given, what warnings should have been given, or why any suggested warnings would have been effective." But this misstates the standard for a failure-to-warn claim. There is no requirement under Michigan law that plaintiffs

---

had actual knowledge of the alleged safety risk before the sale of the product. *Id.* at 881-82. We held that allegations that defendant should have learned of the defect based on the results of pre-production testing were insufficient to meet the actual knowledge requirement. *Id.* at 884-86. However, the same requirement does not apply here. To state a plausible claim for failure to warn, the plaintiff must show that defendant had either actual *or* constructive knowledge. *Hollister v. Dayton Hudson Corp.*, 201 F.3d 731, 741 (6th Cir. 2000). Allegations based on pre-production testing are sufficient to show constructive knowledge. Unlike *Smith*, there is no indication here that the lift's alleged defect would take several years to manifest itself, such that it could not be identified through pre-production testing. *Smith*, 988 F.3d at 886. Accordingly, Genaw's allegations with respect to pre-production testing and quality control procedures were sufficient to plead constructive knowledge. Additionally, the fraud claim in *Smith* was subject to the heightened pleading standards of Fed. R. Civ. P. 9(b), which meant plaintiffs had to "state with particularity" the factual allegations that defendant had knowledge of alleged defect. *Smith*, 988 F.3d at 883. Genaw's failure-to-warn claim does not require application of this heightened standard. Thus, Genaw's pleadings sufficiently alleged the knowledge requirement of the failure-to-warn claim.

must allege what warnings should have been given or what warnings would have been effective. Indeed, Garage Equipment cites no authority in support of these arguments. Genaw's complaint properly pled facts which permit a reasonable inference that Garage Equipment is liable on the failure-to-warn claim, because it should have known of the danger and failed to exercise reasonable care to inform consumers of that danger.

Garage Equipment argues that Genaw's complaint failed to give Garage Equipment fair notice as to what her claims were and the grounds they rested upon. This argument is without merit. The pleadings plainly demonstrate the crux of Genaw's claims: that the lift was defective because a properly functioning lift would not violently slide across the floor when a vehicle is driven onto it. The complaint asserts that this sliding, and its grievous result, were caused by Garage Equipment's negligence in designing and manufacturing the product and failure to inform consumers of how to safely use it. Based on these allegations, Garage Equipment had sufficient notice of the claims and knew it had multiple methods to refute Genaw's allegations, such as by arguing that the lift was properly manufactured and tested, or that the sliding was caused by user error. Plaintiffs are not required to identify specific defects under Michigan law at any point during trial. It follows that they cannot be required to identify specific defects during the pleading stage where they have not even had the benefit of full discovery.

For the foregoing reasons, we reverse the district court order dismissing Genaw's complaint and remand for further proceedings consistent with this opinion.

ALICE M. BATCHELDER, Circuit Judge, Concurring in the Judgment Only.  I would reverse the district court's Rule 12(c) judgment on the pleadings, but I cannot join the majority's opinion.

## I

Our review of a judgment on the pleadings under Rule 12(c) is de novo, using the same standard we would use to review a dismissal under Rule 12(b)(6).  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2010).  "[W]e construe the complaint in the light most favorable to the plaintiff, accept[ing] all of the complaint's factual allegations as true," *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (internal quotation marks and citation omitted), but we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"[T]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Hayward*, 759 F.3d at 608 (relying on *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although she does not use the term *res ipsa loquitur* ("the thing speaks for itself"), Genaw's claims, as stated in her complaint, necessarily rely on that doctrine: i.e., Garage Equipment designed, manufactured, and sold the lift; the lift fatally injured Harold while he and Justin were using it; so Garage Equipment must have done something wrong.[1]  *See Langley-Babcock v. Forest*

---

[1] And, for failure to warn, Garage Equipment provided warnings with the lift; the lift fatally injured Harold despite his following the instructions; so Garage Equipment's warnings must have been inadequate.

*River, Inc.*, No. 335060, 2017 WL 6028408, at \*2 (Mich. Ct. App. Dec. 5, 2017) (applying *res ipsa loquitur* in a products liability action).

The substance of the Complaint can be summarized in a single sentence: the Genaws purchased a vehicle lift from Garage Equipment and were using it at their home when it "violently and without warning slid across the garage floor and struck [Harold] in the back and head," causing him severe injuries and death. As Garage Equipment and the district court recognize, this leaves much out. But "the major purpose of the doctrine of *res ipsa loquitur* is to create at least an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act." *Jones v. Poretta*, 405 N.W.2d 863, 872 (Mich. 1987).

## II

I do not believe that Genaw's complaint met our pleading standard unless we rely on *res ipsa loquitur*. Michigan's *res ipsa loquitur* standard requires:

> (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;
>
> (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;
>
> (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and
>
> (4) [e]vidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.

*Langley-Babcock*, 2017 WL 6028408, at \*2 (quoting *Woodard v. Custer*, 702 N.W.2d 522, 525 (Mich. 2005)) (editorial mark in original).

Drawing all inferences in favor of Genaw—and liberally construing the complaint—I would find, on de novo review, that her claims should survive a motion to dismiss. Therefore, Garage Equipment cannot prevail solely on the basis of the pleadings.

## III

I am willing to construe Genaw's complaint liberally and draw reasonable inferences, whether we analyze it under Michigan's *res ipsa loquitur* standard or under our own liberal pleading standards. But we ought not add things to the Complaint that are not there.

The majority adds a factual allegation to the Complaint, stating (repeatedly) that in its ordinary use, the lift had the "propensity to slide." To be clear, Genaw did not assert in her complaint that Harold was employing the lift in its ordinary use. But even accepting that inference, Genaw's Complaint contains no allegation whatsoever that the lift had the "propensity" to slide or tended to slide during ordinary use. "Propensity," after all, means "A natural tendency to behave in a particular way." *Black's Law Dictionary*, 1410 (10th Ed. 2014). The complaint comes nowhere near alleging that. At most, the complaint says that the lift slid this one time during (presumably) ordinary use. Because the majority leans so heavily on its contrived "propensity" allegation, I cannot join its analysis.

Similarly, on the failure to warn claim, the majority creates a *res ipsa loquitur* supposition of its own, beyond any reasonable inference from the complaint, by arguing that Harold's standing near the lift necessarily means he was improperly warned of the danger. While the complaint implicitly acknowledges that Garage Equipment provided some warning, it does not provide or describe that warning, so there is no way to ascertain whether the warnings given were sufficient to protect against an unknown danger. While I agree that Genaw's complaint creates a plausible inference of *res ipsa loquitur* on failure to warn, the majority's argument goes beyond that inference in search of causation.

In my view, the majority has not reviewed Genaw's complaint but amended it.

**IV**

For the foregoing reasons, I respectfully concur in judgment only.