### GRUD v. WARREN.

1. JURY—VOIR DIRE—AUTOMOBILES—INSURANCE.

In actions by husband and wife to recover for personal injuries received in an automobile accident, court's examination of jurors to ascertain whether any of them were stockholders, agents or employees of a corporation and questioning as to occupation *held*, sufficient, since further inquiry to ascertain whether any juror had been or then was engaged in or connected with the insurance business would have emphasized the fact that defendant carried accident insurance and have constituted error of which defendant might complain, where his insurer, as conceded to court out of the presence of the jury, was a foreign corporation.

2. AUTOMOBILES—COLLISION ON BERM—PROXIMATE CAUSE—QUESTION FOR JURY.

In action by husband and wife against trucker for injuries sustained in head-on collision which occurred on the berm of a paved highway at the right-hand side of the lane on which the truck was traveling, evidence *held*, to present cause of the collision as a question of fact for the jury.

3. PLEADING—BREACH OF STATUTORY DUTY—SURPRISE.

The purpose of the court rule providing that, where a breach of statutory duty is alleged, the statute shall be cited in connection with such allegation is ·to prevent surprise (Court Rule No. 19, § 3 [1933]).

4. AUTOMOBILES—PLEADING—STATUTES—NEGLIGENCE—EVIDENCE—SURPRISE—JUDICIAL NOTICE.

Exclusion of evidence that defendant's truck, at the time of the collision, was being operated at a speed in violation of the uniform motor vehicle act on the ground that no such violation was averred in the declarations *held*, reversible error where allegations as to duty of care were substantially the language of the statute, and no surprise was, or could have been, claimed because of failure formally to cite statute involved, since court is required to take judicial notice of statutory provisions (1 Comp. Laws 1929, § 4693, as amended; Court Rule No. 19, § 2 [1933]).

---

That standard of conduct of a reasonable man may be established by legislative enactment, see 2 Restatement, Torts, § 285 (a) and comment b.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 15, 1941. (Docket Nos. 96, 97, Calendar Nos. 41,451, 41,452.) Decided May 21, 1941. Rehearing denied June 30, 1941.

Separate actions by Nicholas Grud and Flora Grud against E. H. Warren for injuries received in a highway collision. Cases consolidated for trial. Verdicts and judgments for defendant. Plaintiffs appeal. Reversed and new trials granted.

*Crawford S. Reilley,* for plaintiffs.

*Kerr, Lacey & Scroggie,* for defendant.

WIEST, J. Separate actions by husband and wife to recover damages for personal injuries received in a collision between their automobile and a truck were tried together to a jury, with verdicts and judgments for defendant.

Motions for new trials were denied and plaintiffs review by appeal.

When the cases were called for trial, and jurors were not present, counsel for defendant conceded that their client was, to some extent, insured by the General Accident Fire & Life Assurance Corporation, Ltd., with its foreign office in Perth, Scotland, and its office in this country at Philadelphia, Pennsylvania.

Counsel for plaintiffs requested the court, upon *voir dire* examination of the jurors, to inquire:

"Whether or not any one of them were engaged or are engaged in the insurance business; whether any of them are stockholders of an insurance company; or are agents of any insurance company, or have been agents of any insurance company."

The trial court asked the jurors whether any of them were stockholders in a corporation or agents, or employees, for and employed by a corporation, and questioned each juror as to his or her occupation.

Plaintiffs exercised no challenges and announced satisfaction with the jury.

Counsel for plaintiffs contend that the mentioned examination of the jurors was not sufficient to cover the questions upon which inquiry should have been made.

We find no merit in the point. The subject was handled in a dignified manner by the court, and further inquiry along the line requested by counsel for plaintiffs would have emphasized the fact that defendant carried accident insurance and have constituted error, of which defendant might complain.

Plaintiffs cite *Fedorinchik* v. *Stewart,* 289 Mich. 436. That case must not be wrested from its setting of a mutual insurance company, with thousands of local members, wherein the insured are also the insurers and, as such, directly interested in the financial affairs of the company. Such was not the instant case.

Plaintiffs claimed that, as they were driving westward over an 18-foot paved highway, they saw defendant's truck coming toward them on their side of the pavement and, in order to avoid a collision, turned their car to the other side; the truck then turned into the path of their car and the collision followed.

Defendant claims the truck was at all times on its proper side of the pavement and when the driver of the truck saw plaintiffs' car coming, weaving and skidding on the pavement directly toward the truck, the driver of the truck turned toward the right of the pavement and, while still upon the berm at the side of the pavement, plaintiffs' car struck the truck.

These versions as to how the collision happened
and evidence in support thereof were submitted to
the jury and verdicts found for defendant. The
cause of the collision under the evidence was a ques-
tion of fact for the jury.

At the trial plaintiffs sought to show that the
truck, at the time of the collision, on account of its
weight, was being driven at a speed in violation of
the uniform motor vehicle act, as amended. 1 Comp.
Laws 1929, § 4693 *et seq.,* as amended (see Comp.
Laws Supp. 1940, § 4693 *et seq.,* Stat. Ann. and Stat.
Ann. 1940 Cum. Supp. § 9.1561 *et seq.*). On the
ground that no such violation was averred in the
declarations the court excluded the proffered proof.

Plaintiffs claim that it was not necessary to plead
the law and violations thereof inasmuch as the decla-
rations alleged it was the duty of the defendant's
driver to:

"Drive and operate said motor vehicle on the
highway aforesaid at a careful and prudent speed
not greater than nor less than is reasonable and
proper, having due regard to the traffic, surface and
width of the highway and of any other conditions
then existing, and not to drive the said vehicle upon
the highway at a speed greater than will permit
him to bring it to a stop within the assured clear
distance ahead.     *     *     *

"Yet notwithstanding his duty to control and
operate the said motor vehicle in accordance with
the statutes of the State of Michigan and the rules
of the common law so as to avoid injury to the plain-
tiff, the said defendant caused the said vehicle to
be driven forward in a wanton, reckless, careless
and negligent manner to and against the automobile
in which plaintiff was riding."

In *Anderson* v. *Matt,* 223 Mich. 534, 540, we said:

"While plaintiff's declaration did not by number
or name make reference to the statute regarding the

limit of speed within which automobiles may be driven, its allegations made plain that wantonly exceeding the statutory speed limit was a ground of negligence relied upon. A formal reference to the statute would not make that claim clearer and is not required where the declaration contains the averments necessary to bring the case within the statute, of which courts are required to take judicial notice.''

But counsel for defendant contend, and in the instant case the trial judge so held, that Court Rule No. 19, § 2 (1933), adopted after the decision in the *Anderson Case,* relative to the form and contents of declarations, rendered that decision inapplicable in cases subsequently brought. That section provides:

''Where a breach of statutory duty is alleged, the statute shall be cited in connection with such allegation.''

The manifest purpose of that rule is to prevent surprise, and it in no way nullifies the common-sense holding in the *Anderson Case.* No surprise was, or could have been, claimed here.

The court was in error in excluding the statutory provisions and evidence of violations thereof.

For this error the judgments are reversed and new trials granted, with costs to plaintiffs.

SHARPE, C. J., and BUSHNELL, CHANDLER, and MC-ALLISTER, JJ., concurred with WIEST, J.

BOYLES, J. (*concurring*). I do not agree that the court was in error in refusing to admit testimony regarding a certificate from the public utilities commission to operate the truck. The testimony offered

by plaintiffs and excluded by the court was as follows:

"*Q.* Did you get a certificate from the utilities commission to operate the truck?

"*A.* Yes, sir.

"*Mr. Kerr:* Just a moment, if the court please, I submit the testimony is incompetent as to whether or not he did or whether he did not. There is no claim of any violation of any law in connection with the operation of truck, one way or the other, as to length, size—that is, as to the width, size, or anything of that sort.

"*The Court:* What difference would it make if he did receive—

"*Mr. Reilley* (interposing): Well, the utilities commission issue a license and it prescribes in the license the rate of speed that the truck owner can operate the truck—

"*Mr. Kerr:* Now then just a moment, if the court please—I ask counsel's remarks be stricken from the record as being prejudicial. There is no claim any place in plaintiffs' declaration in any way, shape or manner that there was any violation of any public utilities commission regulation with reference to speed.

"*The Court:* Anything in the declaration about that, Mr. Reilley?

"*Mr. Reilley:* Not in just that way, but he was operating his truck in violation of the law.   *   *   *

"*Mr. Reilley:* Well, subdivision (a) paragraph 3 on the second page, 'drive and operate said motor vehicle on the highway at a careful and prudent rate of speed, not greater than nor less than is reasonable and proper, having due regard to the traffic and the width of the highway and other conditions, not to drive said vehicle—'

"*The Court:* Let me ask you this: Is there any reference anywhere in your declaration to any regu-

lation, rule or order of the Michigan utilities commission?

"*Mr. Reilley:* No.

"*The Court:* Then I will sustain the objection."

The certificate referred to is a certificate of public convenience and necessity issued by the utilities commission authorizing a common motor carrier to transport passengers or property over the public highways for hire. It is issued under and governed by the motor vehicle carrier act (Act No. 254, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 11352-1 *et seq.,* Stat. Ann. § 22.531 *et seq.*]). There is nothing in this act either fixing or limiting the rate of speed of motor vehicles on the public highways. Plaintiffs' declarations did not allege that defendant's truck was a common motor carrier, nor did they allege any violation of any of the provisions of the motor vehicle carrier act. What the declarations did allege was a violation of defendant's duty to operate the truck "on the highway aforesaid at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and not to drive the said vehicle upon the highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

It was not error to exclude reference to the public utilities certificate. Along this same line, the plaintiffs, in the motion for new trial, seek to rely upon Act No. 253, Pub. Acts 1933, amending 1 Comp. Laws 1929, § 4766* (Stat. Ann. § 9.1643), which restricts the rate of speed of motor vehicles with or without trailer on the public highways according to

---

*Also amended, without relevance here, by Act No. 330, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 4766, Stat. Ann. 1940 Cum. Supp. § 9.1643).—Reporter.

the weight and length. There was nothing in plaintiffs' declarations to indicate that plaintiffs intended to rely upon either the public utilities motor carrier act or Act No. 253 restricting the rate of speed according to the weight and length. If recovery were sought thereunder, plaintiffs should at least have asked for leave to amend. The record fairly establishes that plaintiffs' confusion as to which statute to rely upon brought about the resulting uncertainty which was apparent throughout the trial.

However, it is evident from the declarations that plaintiffs relied upon a violation of the uniform motor vehicle act (Act No. 318, Pub. Acts 1927, as amended [1 Comp. Laws 1929, § 4693 et seq., as amended (Comp. Laws Supp. 1940, § 4693 et seq., Stat. Ann. 1940 Cum. Supp. § 9.1561 et seq.)]). Although that statute was not cited, the declarations, as above quoted, charged, in the identical language of the statute, a violation of section 5 of the uniform motor vehicle act (Act No. 318, Pub. Acts 1927, as amended). It is true that the declarations in their failure to cite this statute did not conform to the provisions of Court Rule No. 19, § 2 (1933), which provides:

"Where a breach of statutory duty is alleged, the statute shall be cited in connection with such allegation."

Does the fact that plaintiffs' declarations fail to cite the uniform motor vehicle act, or any other statute, bar plaintiffs from recovery?

The above provision in section 2 of Rule No. 19 is not entirely consistent with the express language of section 1 of the same rule, which provides:

"The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend."

It also clashes with section 2 of chapter 14 of the judicature act (3 Comp. Laws 1929, § 14118 [Stat. Ann. § 27.812]), which provides in part:

"No declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend."

A sensible basis for a construction of the rule seems to be, whether the opposite party is taken by surprise by the failure to cite the statute. On this basis, and under the present liberal rules of amendment, trial courts can be afforded ample opportunity for accomplishing the ends of justice unhampered by a strict or arbitrary construction of the rule. This is substantially the conclusion reached by us in *Von Zellen* v. *Westrom*, 274 Mich. 555, 563, 564:

"It is difficult to understand how defendant could have been misled. * * * In the absence of a motion to dismiss, under which leave to amend would have been granted, the declaration was sufficient."

To the same effect, see *Susich* v. *Michigan Consolidated Gas Co.*, 292 Mich. 612, and cases there cited.

The cause should have been submitted to the jury on the theory of a claimed violation of the uniform motor vehicle act (Act No. 318, Pub. Acts 1927). This requires that the decision of the court below be reversed and new trial granted.

North and Butzel, JJ., concurred with Boyles, J.