KELLOM *v.* CITY OF ECORSE.

1. NEW TRIAL—DISCRETION OF COURT.

The granting or denying of a new trial rests in the sound discretion of the court and will not be overruled in the absence of an abuse of discretion.

2. SAME—REDUCTION OF VERDICT—ABUSE OF DISCRETION—PROOF OF DAMAGES.

Trial court's orders denying new trial, reducing $35,000 verdict to $10,000 and authorizing plaintiff's then attorneys to sign his name to defendant city's check and, in effect, compel plaintiff to accept a portion of the $10,000 after payment of attorneys' fees *held,* an abuse of discretion, where plaintiff was not offered an opportunity to consent to a remittitur and proof of damages was substantially greater than amount allowed by trial court.

3. DAMAGES—FUTURE CONSEQUENCES.

Recovery of damages for apprehended future consequences of an injury is limited to those consequences of which there is probability that they will result from the original injury with reasonable certainty.

4. NEW TRIAL—DAMAGES—REMITTITUR—LOSS OF EARNING POWER.

New trial, limited solely to question of damages is granted, where plaintiff obtained a verdict of $35,000 that was reduced to $10,000 by trial court without plaintiff's consent to remittitur of $25,000, unless plaintiff files a remittitur of $10,000 in the circuit court within 30 days, where proofs show

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error, § 981.
[3] 15 Am Jur, Damages, §§ 70, 75.
[4] 3 Am Jur, Appeal and Error, §§ 1226, 1227.
[6] 3 Am Jur, Appeal and Error, §§ 246, 783, 820.
[7] 3 Am Jur, Appeal and Error, § 344 *et seq.*
[8] 3 Am Jur, Appeal and Error, § 1173 *et seq.*

substantially $10,000 property damage, loss of earning power for 3 years, inability to return to work as plasterer's helper, pain and suffering, but not a complete loss of all future earning power in man with a probable shortening of his life expectancy of approximately 15 years.

5. MUNICIPAL CORPORATIONS—DEFECTIVE CONDITION OF SEWERS UNDER STREET—NOTICE—EVIDENCE.

Testimony raised a question of fact for jury as to notice or knowledge of defective condition of sewer underlying city street, where it appears that foreman of defendant city's public works department had to fix hole in street every month at place of explosion of gas which had escaped into a broken sewer, notwithstanding city engineer had been advised of necessity for making repairs.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—GOVERNMENTAL IMMUNITY.

Claim that defendant city was in the exercise of a governmental function for which it was not liable in damages is not discussed on appeal, where question was not raised in the trial court and was belatedly raised for first time in supplemental brief on appeal.

7. SAME — QUESTIONS REVIEWABLE — ADMISSION OF EXHIBITS — OBJECTIONS.

Defendant city's claim that admission of certain photographic evidence of defective street condition was error is not discussed, where admission of such exhibits was not objected to.

8. SAME—REMAND—REMITTITUR—ATTORNEY FEES.

Credit for $10,000 paid plaintiff by defendant is ordered, in the event that plaintiff files a remittitur of only $10,000 as specified by Supreme Court, in modifying and affirming judgment of $10,000 after verdict of $35,000, without making determination of rights herein as between plaintiff and his present or former attorneys.

9. COSTS — TRIAL COURT — APPEAL — FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

Costs of trial court are granted plaintiff, where he recovered a judgment there, but no costs of appeal are allowed either party, where each has prevailed only in part.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 5, 1950. (Docket No. 48, Calendar No. 44,783.) Decided January 8, 1951. Rehearing denied March 1, 1951.

Case by Joseph Kellom against City of Ecorse and another for damages for personal injuries sustained in explosion of gas. Verdict and judgment for plaintiff. Judgment reduced on motion for new trial. Plaintiff appeals. Defendant city cross-appeals. Reversed and remanded for new trial limited to damages unless remittitur filed.

*H. Donald Bruce,* for plaintiff.

*Earl E. Montie,* for defendant.

BOYLES, J.   Plaintiff sued the defendant city of Ecorse for damages resulting from an explosion of gas, alleged to have been caused by the negligence of the defendant in failing to maintain a sewer in a condition of reasonable repair, and in failing to investigate a continuous depression in a street intersection to discover a broken sewer and gas main under the street. Escaping gas had accumulated through the broken sewer and exploded in plaintiff's building destroying the building and contents, burning and seriously injuring the plaintiff.

On jury trial plaintiff had verdict for $35,000 damages and judgment was entered accordingly, with costs. Thereupon the defendant filed a motion for an order setting aside the verdict and judgment and for a new trial. One of the grounds alleged in the motion was that the verdict and judgment were excessive. The court did not abuse its discretion in denying the motion for new trial unless we find otherwise on the question of an excessive verdict, hereinafter discussed. The granting or denying of a new trial rests in the sound discretion of the court

and will not be overruled in the absence of an abuse of discretion. *Rubenstein* v. *Purcell,* 276 Mich 433; *Marion* v. *Savin,* 315 Mich 448.

The motion did not ask for a reduction in the amount of the verdict and judgment. However, at the hearing in open court on the motion, counsel for the defendant asked the court to "reduce the verdict and judgment to one that would be equitable." Without any further showing, the court entered an order which denied the motion for a new trial, but at the same time ordered that the verdict and judgment be reduced to $10,000, without costs, and without attorney fees. Plaintiff was not given the opportunity of deciding whether to consent to a remittitur of $25,000 from the amount of the verdict and judgment as an alternative to the granting of a new trial. The order entered by the court did not *grant* a new trial *unless* plaintiff should consent to a remittitur of $25,000, on the ground that the verdict was excessive. A new trial was denied.

At the time of said hearing, the defendant tendered to plaintiff's counsel, in court, a check of the defendant city for $10,000, payable to the plaintiff and his 3 attorneys, naming them. The plaintiff, in open court, refused to accept the payment, saying: "It is not satisfactory to me." Shortly afterward plaintiff's then-attorney, Joseph A. Craigen, filed a petition in the court, on behalf of himself and the 2 other former attorneys for the plaintiff, asking for authority "to indorse the name of Joseph Kellom on a check in the amount of $10,000 so that same may be cashed and the attorneys be paid." Thereupon the circuit judge entered an order authorizing attorney Joseph A. Craigen to sign plaintiff's name on the check and cash it, and ordering that the balance of the check after deducting attorney fees be paid to the county clerk, to be paid over to plaintiff on demand.

Subsequently plaintiff, refusing to accept the tender, procured an order for substitution of another attorney to represent him on appeal, and perfected the instant appeal to this Court. The substantial question here is whether the trial court, under these circumstances, had authority to reduce the verdict and judgment to $10,000 and compel the plaintiff to accept the reduced amount by authorizing his then-attorney to indorse the check and deposit in court the money remaining after payment of attorney fees.

Notwithstanding the fact that the court had denied defendant's motion for a new trial on the ground, among others, that the verdict (and judgment) were excessive, the court in effect attempted to reduce the same to $10,000 and compel the plaintiff to accept a portion of that sum after the attorneys had taken out their claims for fees. We conclude that the orders reducing the verdict and judgment, and authorizing the attorney to sign plaintiff's name to the check, were not binding on the plaintiff and must be set aside as between the plaintiff and the defendant. However, we conclude that in one respect the verdict was excessive.

There was proof of pain and suffering as a result of the injuries, probable shortening of plaintiff's life expectancy, loss of earning power for 3 years, and inability to return to his former work as a plasterer's helper. The actual losses for destruction of building, merchandise and other personal property was shown to be approximately $10,000. Plaintiff's total claim of damages exceeded $43,000. However, plaintiff's bill of particulars included in that amount a claim for $30,000 for total and permanent disability and total loss of future earning power. While there was evidence of present disabling conditions as a result of plaintiff's injuries, there is an absence of proof to amount to a reasonable certainty that as a result of

the injuries plaintiff has suffered a loss of all future earning power. There was some proof to the contrary.

"It is the generally accepted rule that to entitle a plaintiff to recover damages presently for apprehended future consequences of an injury, there must be such a degree of probability of such consequences as to amount to reasonable certainty that they will result from the original injury." *Brininstool* v. *Michigan United Railways Co.,* 157 Mich 172, 180.

The above case was cited with approval in *Re Boyer's Estate,* 282 Mich 552, in which case the Court said:

"The testimony did not tend to show such probability of future injury as to amount to a reasonable certainty that the consequences suggested will result from the original injury."

We conclude that a judgment for $25,000 would amply compensate plaintiff for all of plaintiff's damages supported by the proofs. (See *Corfeld* v. *Douglas Houghton Hotel Co.,* 324 Mich 459, 470.)

If plaintiff consents to a remittitur of $10,000 and files such remittitur in the circuit court within 30 days from the remand of this case, the judgment will be affirmed as thus modified. A new trial, limited solely to the question of damages, is granted unless such remittitur is filed. *Brady* v. *Central Excavators, Inc.,* 316 Mich 594, 614.

"The only remaining question involves the assessment of damages. This Court may remand for that purpose alone. Court Rule No 72, § 1(g), (1945); *Rich* v. *Daily Creamery Co.,* 303 Mich 344." *Sullivan* v. *Ulrich,* 326 Mich 218.

See, also, *Jackson County Road Commissioners* v. *O'Leary,* 326 Mich 570, 579; *Lijewski* v. *Wrzesinski,*

328 Mich 129, 136; *Boloven* v. *Nicholson,* 328 Mich 496, 501.

## Cross Appeal

The defendant cross-appeals, claiming that the court should have directed a verdict for the defendant on the ground that the defendant was not guilty of any negligence, as a matter of law, and that the defendant had no notice or knowledge of a defective condition of the sewer. The proofs are to the contrary. The sewer was broken at an intersection on Visger street at 17th. The foreman in the municipal public works department testified that while there were other holes in the street along Visger road, "this spot at 17th and Visger was the toughest spot I had in my whole territory. As time went on I would have to fix it about every month, and every time I would fix it, it was going deeper. It was sagging in identically the same spot.  *  *  * I have used as much as a load of crown rock to level the dip at Visger and 17th. This was the toughest spot in my whole territory to keep repaired. Lately I would have to fix it every month. I told Mr. Gare the city engineer about it being low and that I had to work continually on the corner of Visger and 17th." This raised a question of fact for the jury as to notice or knowledge of the defective condition of the underlying sewer. The negligence of the defendant was a question of fact for the jury.

The 2 other questions urged by cross-appellant are equally without merit. Counsel belatedly raises the issue, for the first time by a supplemental brief, that the defendant was in the exercise of a governmental function for which it was not liable in damages. The question was not raised in the trial court and will not be considered here. The defendant claims the court erred in admitting certain photographic evidence of the defective street condition.

The record indicates that the admission of these exhibits was not objected to. Cross-appellant asks that in the event judgment for plaintiff is sustained in any amount, defendant should be credited with the payment of $10,000.

The order reducing the verdict and judgment is set aside and the case remanded for entry and enforcement of a judgment for $25,000, or in the alternative for a new trial depending on whether the remittitur is filed but limited to the question of damages only. If a retrial is had, each party may present testimony limited to such question of damages. *Hudson* v. *Enichen,* 308 Mich 79, 86.

If plaintiff files said remittitur, and cross-appellant has paid $10,000, the trial court will credit the defendant with such payment in entering judgment for $25,000 for the plaintiff. Any question as to their respective rights as between the plaintiff and his present or former attorneys is not here before this Court for decision.

Reversed and remanded in accordance with this opinion, with costs of the trial court to plaintiff, but without costs in this Court, each party having prevailed only in part on this appeal.

REID, C. J., and NORTH, DETHMERS, CARR, and SHARPE, JJ., concurred with BOYLES, J. BUTZEL and BUSHNELL, JJ., concurred in the result.