WEBSTER v WXYZ

1. STATUTES—COURTS—JUDICIAL NOTICE—ORDINANCES.

A court may properly take judicial notice of a statute, but an ordinance must be pleaded and proved.

2. EVIDENCE—APPEAL AND ERROR—OBJECTIONS—PRESERVING QUESTION—ORDINANCES—PLEADINGS.

The propriety of the admission of testimony concerning an ordinance regulating the width of exit passageways in a negligence action for injuries received in a fall was not preserved for appeal where no proper objection was made to failure to plead or prove the ordinance or to the methods of introducing the ordinance itself into evidence.

3. EVIDENCE—PLEADINGS—PROOFS—OBJECTIONS—FAILURE TO OBJECT —IMPLIED CONSENT.

Failure to object to the introduction of proofs which do not conform to the pleadings constitutes implied consent to the admission of such proofs.

4. EVIDENCE—STATUTES—NEGLIGENCE—PROTECTED CLASS—TYPE OF HARM—BURDEN OF PROOF.

The introduction of a statute as proof of a defendant's negligence in a negligence action is not proper where a plaintiff has failed to show that he is included within the class of persons that the statute is designed to protect and that the harm which has resulted from violation of the statute is the type of harm which the statute is designed to cover.

## Appeal from Oakland, James S. Thorburn, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 27–29, 34, 35, 37, 38.
[2] 5 Am Jur 2d, Appeal and Error § 545 et seq.
  29 Am Jur 2d, Evidence §§ 443, 972.
[3] 29 Am Jur 2d, Evidence § 442.
  61 Am Jur 2d, Pleading §§ 204, 398.
[4] 29 Am Jur 2d, Evidence §§ 12, 127 et seq.
  57 Am Jur 2d, Negligence § 238 et seq.

Submitted Division 1 February 5, 1975, at Detroit. (Docket No. 19031.) Decided March 11, 1975. Leave to appeal applied for.

Complaint by Edith F. Webster and Forrest U. Webster against WXYZ, a division of the American Broadcasting Company, for damages sustained in a fall on defendant's premises. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Clark, Hardy, Lewis & Fine, P. C. (Zeff & Zeff,* of counsel), for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper,* for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and QUINN, JJ.

McGREGOR, P. J. Plaintiffs brought this action against the defendant television station, for negligently maintaining a dangerous condition on its premises which allegedly occasioned the physical injuries to the person of plaintiff Edith Webster. A five-day jury trial in the circuit court resulted in a verdict in favor of plaintiff Edith Webster in the amount of $75,000 and in favor of plaintiff Forrest Webster in the amount of $25,000. The order of judgment for the plaintiffs was entered on October 11, 1973; on October 29, 1973, defendant filed a motion for judgment notwithstanding the verdict and/or a new trial, which was denied. Defendant appeals as a matter of right.

This cause arises from a trip-and-fall accident which occurred on February 27, 1968.

(Hereinafter, reference to plaintiff will mean Mrs. Webster and not her husband, whose claim is a derivative one.)

Plaintiff was 70 years of age at the time of the accident on defendant's premises; she was there for the purpose of taping a television commercial. At the time of this accident, plaintiff had recently completed several years of producing a weekly one-hour television show for another television station.

Plaintiff vaguely remembers working in the studio for the filming of another commercial, but was sure that she had never been to the end of the studio where the accident occurred. This studio contained six 300-watt reflectorized houselights in addition to stage lights. There were cameras and cables in the studios, and plaintiff testified that she was always watchful for hazards in the studios. Plaintiff reported for work at approximately 9 a.m. and immediately began reading her script, waiting for lighting to be arranged. The stage lights were turned on for the determination of effect and were described by plaintiff as being brilliant lighting. Plaintiff testified that her eyes had become so sensitive to that high intensity of light that, at the time of the accident, she was wearing eyeglasses which had tinted lenses.

The commercial was rehearsed by dry runs and the stage lights were then turned off. Plaintiff remained on the set and did not leave for lunch, stating that she wanted to rehearse her lines and keep the proper mood for the commercial. Plaintiff testified that she did not see a prop called a "groundrow"[1] during any of the dry runs, nor had she ever seen such a prop used in all her years in television. During this break, plaintiff was given a microphone and told to go behind the scenery and

---

[1] Webster's 3rd New International Dictionary defines a "ground-row" as a low flat piece of scenery, often representing a distant horizon and used to mask the lower part of a cyclorama or backdrop.

to secure this microphone under her clothing, to "fasten it on your bra". After doing so, she returned around the scenery prop, stepping away from it a little to prevent soiling her dress. In doing so, she tripped over a nail protruding from the "groundrow" which extended into the passageway.

Plaintiff testified that there was about 15 or 18 inches of space between the "false background" set and the "groundrow." Plaintiff also testified that she did not see the "groundrow" on her way behind the scenery because "my mind was intent upon what I had to do that day. It was important. I had the mike in my hand. Frankly, I did not look down directly at the floor." She stated in her testimony that this was "one of those times when you look with your mind rather than your eyes. I was involved with what I was to do". She also testified that she noticed the floor and the "groundrow" were of similar colors, after she fell.

The Fire Marshal for the City of St. Clair Shores testified that defendant's premises were in violation of a fire ordinance of the City of Southfield, and that the local city ordinance required that "passageways" must be at least 28 inches wide. Defendant raised several objections to this testimony, but the court allowed it into evidence and instructed the jury that it could consider violation of that ordinance to be evidence of negligence. The pleadings do not include an allegation of a fire hazard or the violation of an ordinance, code or statute that existed in the City of Southfield at the time of the accident.

At the conclusion of the evidence, defendant moved for a directed verdict and, later, moved for judgment notwithstanding the verdict, based upon a contention that plaintiff was guilty of contribu-

tory negligence as a matter of law. Both motions were denied.

In this appeal, defendant first contends that the trial court erred in allowing violation of a fire ordinance to be considered as evidence of negligence, and, further, that the trial court erred in allowing the fire marshal of another city to testify as an expert witness to the effect that defendant's premises were in violation of the local fire code where his only knowledge of those premises came from viewing photographs shown at trial.

Briefs of the parties present two different legal concepts which cannot be reconciled. While the courts can take judicial notice of the existence of a statute, an ordinance must be pleaded and proven. *Richter v Harper,* 95 Mich 221; 54 NW 768 (1893), *Grud v Warren,* 297 Mich 546; 298 NW 276 (1941). However, it is also true that, as a general rule, a party must object at trial to preserve an issue for appeal. *Kellom v City of Ecorse,* 329 Mich 303; 45 NW2d 293 (1951), *Cabana v City of Hart,* 327 Mich 287; 42 NW2d 97 (1950). Thus, the key question is whether this issue was preserved for appeal; for, if it was, defendant should prevail.

Fire Marshal Warren Vernier, of St. Clair Shores, made the following reference to the local fire ordinance of Southfield:

"*Q. [by Mr. Zeff, plaintiff's attorney]:* Would you tell me, sir, whether or not you are familiar with the Michigan Fire Code applicable to the State of Michigan, and particularly in the City of Southfield?

"*A.* Yes, I am.

"*Q.* Are you familiar with the City of Southfield fire code?

"*A.* Yes.

"*Q.* As of 1968?

"*A.* Yes, I am.

"*Q.* Do you have a copy of the fire code, would you, for the State of Michigan and/or City of Southfield in 1968?

"*A.* Yes; I have a copy of the code presently used by the City of Southfield and used at that particular time."

Counsel for plaintiff then questioned this witness as to whether certain places shown in photographs of the television studio were "passageways" as defined in the fire regulations. Counsel for the defendant objected:

"*Mr. Parish [defendant's attorney]:* Your Honor, my objection is that the proper foundation had not been laid. Looking at a small part of a studio.

\* \* \*

"*The Court:* Why you feel he's not laid a foundation. Seems to me, he's a fire chief and he's been to all these seminars and 13 years doing it in the course of his job, he obviously has to apply a custom in the trade, in quotes, as to what a passageway is, and *I suppose the lack of a foundation is this, of what Mr. Zeff didn't introduce into evidence the rule or ordinance or statute, that where it uses the word 'passageway'. But I assume that isn't your objection.* (Emphasis supplied.)

\* \* \*

"*The Court:* We are not the finders of fact. Is your objection because there isn't an ordinance, statute, or rule, or are you—

"*Mr. Parish:* That's *the second part of my objection.* The pleadings do not plead—(Emphasis added.)

"*The Court:* When we get to that one, it's a good objection. Mr. Zeff, do you have anything to say to that? I think you first have to introduce the fire code or definition or the rules of law that you are relying on when you use the word 'passageway.' I think it's a necessary part of your foundation. But once you have done that I can see no reason why you haven't laid a foundation with this witness. Do you have any arguments concerning that?

"*Mr. Zeff:* I have no argument."

Defendant's objection seems to allege only two things. First, defendant argued that photographs of an isolated area of the studio did not constitute a sufficient basis upon which an expert opinion could be formed. The second basis for the objection was that the ordinance was not pleaded and that the ordinance itself was not introduced. The response of the trial judge was that the failure to plead the ordinance was premature since the contents of the ordinance had not yet been introduced into evidence. The court also instructed the plaintiff to introduce the ordinance itself into evidence.

The defendant objected to the trial judge's charge to the jury concerning the fire ordinance:

"*The Court:* We have spent considerable time in chambers. We have gone over all the requests to charge of both parties. Both parties have indicated that they are satisfied with the charge except as to the defendant. The plaintiff has indicated he is satisfied with every line of the charge, but the defendant, Mr. George Parish, had made one exception. That is to 12.05, violation of ordinance by defendant.

"Mr. Parish has taken the position that there is not properly an ordinance in evidence. If it is in evidence, it is not applicable in this case. But he does agree that if he is wrong as to the law, that the charge is in proper language and follows the boiler-plate in the Michigan Standard Instructions."

From the record, it must be held that no proper objection was made to plaintiff's failure to plead or prove the ordinance, or to plaintiff's method of introducing the ordinance itself into evidence.

We note that plaintiff failed to plead the ordinance and, further, that no motion was made to amend the pleadings to conform with the proofs. It is not entirely settled that the other party waives this defect by failing to object at trial. GCR 1963,

118.3 provides for amendment of the pleadings to conform to the evidence:

".3 Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The better view seems to be, under this court rule, that the failure to object constitutes "implied consent" to try issues not raised in the pleadings. Such view is expressed in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 415:

"There may be problems in deciding whether an issue has been tried by implied consent. In many circumstances, the conduct of the parties in presenting evidence, cross-examination, rebuttal and argument will plainly show that they have recognized an unpleaded issue as being in the case. On the other hand, one party may offer evidence which his opponent recognizes as outside the pleadings but for tactical reasons does not object to it because he reasonably believes it to be of no consequence. Should his failure to object be construed as implied consent to trial of the issue if it subsequently develops to be a matter of consequence? If so, he has been deprived of any effective opportunity to defend against an unpleaded issue, but it may be argued this is simply the consequence of his failure to object to evi-

dence on the issue in the first place. If objection had been made, the consequence of the unpleaded issue and whether to permit an amendment to allow it in the case would have been posed for decision under the second facet of this rule."

This Court, while condemning lack of either an unqualified objection or amendment, believes that the above view of "implied consent" will be followed by the courts. See *Michner Plating Co v Davis Drilling Co,* 10 Mich App 358; 159 NW2d 366 (1968).

Thus, objections based upon defective pleadings can be waived by failure to raise them at trial.

One error with respect to the introduction of the fire ordinance was properly preserved for appeal; whether the fire ordinance was relevant to proving negligence in this case. Defendant raises this issue in his exceptions to the jury instructions.

In *Price v Manistique Area Public Schools,* 54 Mich App 127; 220 NW2d 325 (1974), the Court held that failure to object to the jury instructions caused the issue of the effect of violation of regulations not to be preserved for appeal. Thus, defendant did preserve for appeal the contention that violation of the fire ordinance is irrelevant to the issue of defendant's negligence.

The rule, that the statute must be designed to protect the class of persons in which the plaintiff is included against the risk of the type of harm which has in fact occurred as a result of its violation, is reiterated in *Hardaway v Consolidated Paper Co,* 366 Mich 190; 114 NW2d 236 (1962). In a case actually involving a violation of a statute, our Supreme Court stated:

"Violation of an ordinance intended to promote safety is negligence. If by creating the hazard which the

ordinance was intended to avoid it brings about the harm which the ordinance was intended to prevent, it is a legal cause of the harm." 366 Mich at 197.

A similar situation is found in *Juidici v Forsyth Township,* 373 Mich 81; 127 NW2d 853 (1964). In that case, the ordinance involved required labels to be posted at every fire exit. The plaintiff was injured when he exited through a door to a narrow fire escape and fell 18 feet to the ground because he did not expect to find an open fire escape there. It could be argued that the label was intended merely to allow persons to find fire exits during an emergency. However, it does not seem unlikely that the Legislature knew that fire escapes are hazardous under ordinary conditions unless precautions are taken, and that seems to be the basis for the Court's holding.

Applying these rules to the "passageway" ordinance involved in the case at bar, we must conclude that the trial judge abused his discretion in finding it relevant here. Plaintiff would seem to be a member of the protected class, since the ordinance clearly was intended to protect any persons within the buildings covered by the ordinance. However, the risk intended to be protected against is not the danger of falling down overly-narrow passageways under ordinary circumstances. The purpose of the ordinance clearly was to allow persons freely to exit a building during emergencies, and also, to allow firemen freely to enter to extinguish fires. It would appear to be stretching this ordinance too far to hold that a legislative determination was made that passageways narrower than 28 inches are unsafe for ordinary climbing or standing.

The defendant did sufficiently take exception to

the jury instruction to the effect that the ordinance was evidence of negligence. The trial court improperly submitted the violation of the local fire ordinance to the jury as evidence of negligence.

Under evidence adduced, the defendant was not negligent as a matter of law and a new trial must be ordered. In view of this holding, we do not pass on other alleged errors, as they may not occur in a new trial.

Reversed and remanded for new trial. Costs to defendant.