JOHNSON v CHRYSLER CORPORATION

OPINION OF THE COURT

1. PRODUCTS LIABILITY—THEORIES OF RECOVERY—NEGLIGENCE—IMPLIED WARRANTY.

Two theories of recovery are recognized in product liability cases, (1) negligence, and (2) implied warranty.

2. PRODUCTS LIABILITY—THEORIES OF RECOVERY—STRICT LIABILITY.

Strict liability in product liability cases is not recognized as a theory of recovery in Michigan.

3. APPEAL AND ERROR—MOTIONS—DIRECTED VERDICT—PROOFS—LIGHT MOST FAVORABLE TO NONMOVING PARTY.

The Court of Appeals in reviewing a trial court's grant of a motion for a directed verdict should consider the proofs in a light most favorable to the nonmoving party.

4. PRODUCTS LIABILITY—DIRECTED VERDICT—NEGLIGENT ENTRUSTMENT—UNSAFE CONDITIONS.

A trial court's directed verdict in favor of a defendant in a product liability action based on a negligent entrustment theory of liability was proper where the defendant neither knew nor should have known of any unsafe conditions at the manufacturing facility to which the defendant had entrusted certain dies.

5. PRODUCTS LIABILITY—WARRANTY THEORY—PURCHASER OF DIES—MACHINERY USED BY SUPPLIER.

There is no warranty theory which would extend liability to a defendant as purchaser of dies used by another manufacturer at whose facility a plaintiff was injured while using the dies

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 63 Am Jur 2d, Products Liability §§ 2–4.
[3, 9, 12] 75 Am Jur 2d, Trial § 489 *et seq.*
[4–6] 63 Am Jur 2d, Products Liability §§ 5, 26, 110 *et seq.*
[7] 63 Am Jur 2d, Products Liability § 206.
[8] 63 Am Jur 2d, Products Liability §§ 15, 23.
[10, 11] 63 Am Jur 2d, Products Liability § 65.

where the defendant had nothing to do with the design, installation, or maintenance of the dies but had purchased the dies merely for the purpose of avoiding work stoppages which might beset a parts supplier.

6. Products Liability—Implied Warranty Theory—Theory Not Raised In Pleadings—Consent—Evidence—Court Rules.

An implied warranty theory of recovery in a product liability action which was not specifically raised by the pleadings was tried by consent where the plaintiffs presented evidence relating to that theory and the defendant did not object (GCR 1963, 118.3).

7. Products Liability—Seller of Product—Defective Product—Breach of Warranty.

A seller who is not also the manufacturer of a product may be held responsible for a defective product in a breach of warranty action.

8. Products Liability—Prima Facie Case—Defective Product—Injury.

A prima facie product liability case consists of proof that (1) the defendant has supplied a defective product, and (2) this defect has caused injury to the plaintiff.

9. Products Liability—Appeal and Error—Directed Verdict—Evidence.

It was error for a trial judge to grant a defendant's motion for a directed verdict in a product liability action where the plaintiff had presented evidence that the defendant supplied a defective power press and that the defect caused the injury to the plaintiff.

10. Products Liability—Safety Devices—Inadequate Safety Devices—Defects—Sale of Defective Product—Breach of Warranty.

Failure to provide or the inadequacy of safety devices has been recognized as a defect of a product and the sale of such a defective product may support a breach of warranty claim.

11. Products Liability—Reasonableness Standards—Safety Devices—Defects—Breach of Warranty.

Reasonableness standards are used in determining whether the failure to provide more effective safety equipment amounts to a defect in a product; however, this analysis does not take the action out of a breach of warranty theory.

Partial Concurrence by Beasley, P. J.

12. Products Liability—Directed Verdict—Defective Product—
    Implied Warranty—Failure to Plead Theory—Issue Tried
    by Consent.

    *A directed verdict in favor of a supplier of an allegedly defective
    product should be affirmed where the common law implied
    warranty basis upon which liability was predicated was not
    pleaded, nor was any amendment to the pleading ever sought
    asserting such a claim, and where the case was not tried by
    consent on an issue of what implied warranties the supplier
    owed to plaintiff.*

Appeal from Kent, John T. Letts, J. Submitted January 4, 1977, at Grand Rapids. (Docket No. 27219.) Decided March 30, 1977. Leave to appeal applied for.

Complaint by Marie Johnson and Robert Johnson against Chrysler Corporation and Harvey Goldman & Company for injuries suffered by Marie Johnson while operating a power punch press. Judgment for defendants on directed verdicts. Plaintiffs appeal. Affirmed in part, reversed in part and remanded.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock,* for plaintiffs.

*Hillman, Baxter & Hammond* (by *Joel E. Krissoff* and *Michael D. Wade),* for defendant Chrysler Corporation.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for defendant Harvey Goldman & Company.

  Before: Beasley, P. J., and R. B. Burns and J. H. Gillis, JJ.

J. H. Gillis, J. This is a product liability action.

On July 19, 1969, plaintiff, Marie Johnson, an employee of Holland Die Casting Company (hereinafter referred to as Holland), was injured while operating a power punch press. The press was manufactured by Johnson Machine and Press Corporation, a company no longer in business, and sold to Holland in 1955 by defendant, Harvey Goldman & Company (hereinafter referred to as Goldman). At the time of the sale Goldman was the exclusive distributor in Michigan of Johnson presses. At the time of the injury, the press was equipped with dies owned by defendant Chrysler Corporation (hereinafter referred to as Chrysler).

On April 20, 1970, plaintiffs filed a four-count complaint against defendants. Prior to trial, counts III (strict liability) and IV (fraud and deceit) were dismissed by the trial judge upon motion of defendants. A jury trial was conducted as to the remaining counts. At the close of plaintiffs' proofs the trial judge granted defendants' motions for directed verdicts. Plaintiffs appeal as of right, challenging the dismissal of the strict liability count and the granting of directed verdicts as to the remaining counts.

We find no error in the dismissal of the strict liability count. In Michigan, two theories of recovery are recognized in product liability cases; negligence and implied warranty. Strict liability has not been recognized as a third theory of recovery. If anything, the proofs that would be presented under a strict liability theory in a product case would overlap with the proofs that would be presented under an implied warranty theory. The addition of the third count adds only confusion, not substance. *Dooms v Stewart Bolling & Co,* 68 Mich App 5; 241 NW2d 738 (1976), *Williams v The Detroit Edison Co,* 63 Mich App 559; 234 NW2d 702 (1975), *lv den,* 395 Mich 800 (1975), *Rutherford*

*v Chrysler Motors Corp,* 60 Mich App 392; 231 NW2d 413 (1975), *Cova v Harley Davidson Motor Co,* 26 Mich App 602; 182 NW2d 800 (1970).

We affirm the trial court's granting of a directed verdict in favor of defendant Chrysler, but reverse as to defendant Goldman. In reviewing the trial court in this situation, we have considered the proofs, as always, in a light most favorable to plaintiffs.

Plaintiffs proceeded against defendant Chrysler as owner of the dies, on two theories: negligent entrustment and breach of implied warranty. In support of their negligent entrustment theory, plaintiffs direct us to *Fredericks v General Motors Corp,* 48 Mich App 580; 211 NW2d 44 (1973), *lv den,* 390 Mich 805 (1973). In *Fredericks,* a panel of our Court reversed the trial court's granting of a summary judgment motion and held that the plaintiff should be allowed to present proofs to show that the defendant knew that the die would be used in a negligent manner. In the present case, plaintiffs were allowed to present proofs. We have reviewed the transcript, and find no evidence that Chrysler knew or should have known of any unsafe practices or conditions at the Holland plant. Likewise, we find no evidence in the record to support recovery against Chrysler under an implied warranty theory. Chrysler had nothing to do with the design, manufacture, installation or maintenance of the dies in the instant case. In fact, Chrysler actually purchased the dies from Holland after approval of the parts produced from the dies. Ownership by Chrysler was obtained merely for the purpose of avoiding work stoppages possibly encountered by the parts suppliers. We are aware of no warranty theory which would extend liability to Chrysler as purchaser of the dies.

We agree with plaintiffs that in granting defendant Goldman's motion for a directed verdict, the trial judge erroneously applied the Uniform Sales Act rather than the appropriate common-law theory of implied warranty. Contrary to Goldman's contention, we find that although this theory was not specifically pleaded, it was tried by consent, in that plaintiffs presented evidence relating to an implied warranty theory and defendant did not object, GCR 1963, 118.3, *Webster v WXYZ,* 59 Mich App 375; 229 NW2d 460 (1975), *lv den,* 395 Mich 751 (1975). We also disagree with Goldman that a seller may not be held responsible for a defective product in a breach of warranty action. *Bronson v J L Hudson Co,* 376 Mich 98; 135 NW2d 388 (1965), *Piercefield v Remington Arms Co, Inc,* 375 Mich 85; 133 NW2d 129 (1965).

It is well settled, and we therefore cite no authority, that a prima facie product liability case consists of proof, 1) that the defendant has supplied a defective product, and 2) that this defect has caused injury to the plaintiff.

We find that in this case sufficient proof was presented by plaintiffs to support a product liability action against defendant Goldman and thus it was error for the trial judge to grant Goldman's motion for a directed verdict.

Basically, plaintiffs' claim is that the power press supplied by defendant Goldman was defective in that it was not equipped with adequate safety devices and that the failure to so provide was the cause of plaintiff Marie Johnson's injury.

The failure to provide or the inadequacy of safety devices has been recognized as a defect in the design of the product, the sale of which may thus support a breach of a warranty claim. *Pippen v Denison Division of Abex Corp,* 66 Mich App

664; 239 NW2d 704 (1976), *Rutherford v Chrysler Motors Corp, supra, Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708; 202 NW2d 727 (1972), *lv den,* 388 Mich 812 (1972).

Although reasonableness standards, *i.e.,* negligence-type analysis, are utilized in determining whether the failure to provide more effective safety equipment amounts to a defect, this analysis does not take the action out of a breach of warranty theory. See *Smith v E R Squibb & Sons, Inc,* 69 Mich App 375; 245 NW2d 52 (1976), *Casey v Gifford Wood Co,* 61 Mich App 208; 232 NW2d 360 (1975), *lv den,* 395 Mich 810 (1975), *Farr v Wheeler Manufacturing Corp,* 24 Mich App 379; 180 NW2d 311 (1970), *lv den,* 385 Mich 773 (1971).

After a thorough review of the record, we find that plaintiffs presented evidence, which, if believed by the jury, could constitute a prima facie case of a design defect in the power press and that this defect could have caused the alleged injury. Accordingly, we reverse the directed verdict as to defendant Goldman and remand for trial.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. Plaintiffs shall pay costs to defendant Chrysler; defendant Goldman shall pay costs to plaintiffs.

R. B. Burns, J., concurred.

Beasley, P. J. *(concurring in part; dissenting in part).* I concur with the majority in affirming the granting of a directed verdict in favor of defendant Chrysler Corporation, but must respectfully dissent from that part of the majority's decision which reverses the directed verdict for defendant Harvey Goldman & Company.

The common law implied warranty basis upon

which the majority predicate liability was not pleaded nor was any amendment to the pleadings ever sought asserting such a claim. I would not agree that the case was tried by consent on an issue of what implied warranties defendant Goldman owed plaintiff in *1955.* Therefore, I reject the proposition that plaintiff made a prima facie case against defendant Goldman. I would affirm the granting of a directed verdict in favor of defendant Goldman.