Lucas NICHOLAOU, Plaintiff,

v.

**YAMAHA MOTOR CORPORATION, USA, A Foreign Corporation, Defendant.**

**C.A. No. 85–CV–60546–AA.**

United States District Court, E.D. Michigan, S.D.

Oct. 14, 1986.

Theodore S. Andris, Southfield, Mich., for plaintiff.

Richard G. Ward, Detroit, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LA PLATA, District Judge.·

In this products liability action, the pivotal question is, where is the injury causing product? Plaintiff, Lucas Nicholaou, instituted this action on February 27, 1985, in the Wayne County Circuit Court. Therein, he alleged that he suffered injuries on January 23, 1983, while he was a passenger on a snowmobile, manufactured by Defendant, Yamaha Motor Corporation. Pursuant to 28 U.S.C. § 1441, Defendant, incorporated in the State of California, removed the action to this Court on April 11, 1985.

Plaintiff averred that on January 23, 1983, Michael Greenfield offered him a ride on his Yamaha snowmobile. As they rode through a field adjacent to Plaintiff's home in Canton Township, they encountered rough terrain that was covered by snow. Plaintiff claims that he was injured when Greenfield rode over a bump, which caused the snowmobile to catapult two to six inches in the air. Plaintiff averred that the jolt caused by the ascension of the vehicle culminated in his sustaining a compression fracture of his spine. Plaintiff seeks damages in excess of $10,000.00 from Defendant, stemming from its manufacture and design of a product that had an allegedly defective shock absorption system.

Along with denying that it manufactured a defective product, Defendant stated in its answer that Michael Greenfield was not operating a Yamaha snowmobile at the time of the incident giving rise to Plaintiff's injuries. On August 15, 1986, Defendant filed a Motion for Summary Judgment, contending that the evidence elicited during the discovery process reveals that it did not manufacture the product that allegedly caused Plaintiff's injuries.

 The record at the conclusion of discovery discloses that a Yamaha snowmobile was sold by Ken Joswiak to Hank Greenfield, the father of Michael Greenfield. In an affidavit, Joswiak stated that (1) at the time that he sold the snowmobile to Hank Greenfield, the vehicle was not operable because of a destroyed running track and a damaged engine; (2) Hank Greenfield purchased the unit solely to salvage its engine for use in a go-cart that Mike Greenfield was assembling; and (3) in the absence of substantial mechanical and reconstruction work, it was inconceivable that the vehicle could be operated. In his discovery deposition, Michael Greenfield testified that the only Yamaha snowmobile owned by him and his father was a non-operable one that was purchased from Ken Joswiak. He stated that his father purchased the vehicle from Joswiak in order to salvage the engine. He also asserted that Plaintiff never had been a passenger on a snowmobile operated by him.

Opposing the Motion, Plaintiff insists that a question of fact exists concerning whether Michael Greenfield operated a Yamaha snowmobile on January 23, 1983, an occurrence that resulted in a serious injury to Plaintiff, his passenger. To support this position, Plaintiff referred to his deposition transcript where he testified that he was a passenger on Greenfield's Yamaha snowmobile on the date of the alleged incident. Additionally, he submitted an affidavit of Roger Stevenson, who stated that (1) he observed Michael Greenfield operating a Yamaha snowmobile during the winter months of 1982–1983; (2) he is aware of the manufacturer of the product because Greenfield permitted him to operate it; and (3) Greenfield informed him that Plaintiff was a passenger on a Yamaha snowmobile when they were involved in an accident.

In order to present a *prima facie* case in a products liability case, a Plaintiff needs to establish that the product had a defect, attributable to the Defendant, that was a proximate cause of the accident giving rise to his injuries.[1] In the matter at bar, Plain-

---

1. *Johnson v. Chrysler Corp.,* 74 Mich.App. 532, 254 N.W.2d 569, 571 (1977); *Piercefield v. Remington Arms Co.,* 375 Mich. 85, 98–99, 133 N.W.2d 129, 135 (1965); Prosser and Keeton, Torts (5th ed.), § 103 at 712–713.

tiff is unable to produce the product that allegedly caused his injuries. At his discovery deposition, Plaintiff indicated that he cannot identify the model of the Yamaha snowmobile that caused his injuries.

The Court concludes that Plaintiff cannot present a case that would withstand a motion for a directed verdict by Defendant. Without knowing the model of the snowmobile, Plaintiff would not be able to present expert testimony with respect to the claimed defect. It is noteworthy that Plaintiff has not indicated that an expert witness would identify specific defects in a Yamaha snowmobile's shock absorption system. An unfair, illogical, and absurd trial would take place if the Plaintiff could require Yamaha Motor Corporation to defend a products liability action based on his bare allegations that he was injured while riding on an unidentified Yamaha product. Plaintiff does not contend that Defendant, or Michael Greenfield acting as its agent, in any way caused the destruction or disappearance of the missing product. As the Michigan Court of Appeals noted in *Gates v. Volkswagenwerk Aktiengesellschaft*, [2] it is incumbent upon a Plaintiff in a products liability case to adduce some evidence that the purported manufacturer had some connection with the defective product.

In dismissing the action, the Court does not make any findings of fact regarding the dispute over whether the snowmobile owned by Hank Greenfield and Michael Greenfield was operable. The *ratio decedendi* is that a Plaintiff cannot possibly prevail in a lawsuit against a manufacturer, where, as here, the product is not available to examine, the manufacturer was not the cause of the non-existence of the product, and the Plaintiff is unable to identify the model and year of the product. Consequently, Defendant's Motion for Summary Judgment is GRANTED.

2. 122 Mich.App. 188, 333 N.W.2d 34, 39 (1982).